■ HYMAN VIDRA, Respondent, v SALEH M. SHOMAN, Appellant.—In a negligence action to recover damages for personal injuries sustained in an automobile accident, defendant appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated January 31, 1977, which affirmed an order of the Civil Court of the City of New York, Kings County, dated February 19, 1976, which denied his motion to dismiss the complaint for failure to meet the threshold requirement of section 671 (subd 4, par [b]) of the Insurance Law. Orders of the Appellate Term and Civil Court reversed, on the law, without costs or disbursements, and motion granted. Plaintiff-respondent was allegedly injured when his vehicle was struck by that of defendant-appellant. In the course of treatment for these injuries, he incurred bills of $100 from each of two physicians, and of $1,455 from a chiropractor. Defendant sought dismissal of the complaint on the theory that chiropractic treatments were not medical services within the meaning assigned to that term by section 671 (subd 4, par [b]) of the Insurance Law and, accordingly, that plaintiff had not sustained the "serious injury" required to recover for noneconomic loss. The Civil Court disagreed, finding that chiropractic treatments did consti-

tute medical services. A divided Appellate Term affirmed. Subdivision 1 of section 673 of the Insurance Law prohibits any recovery for so-called "non-economic loss, except in the case of a serious injury, or for basic economic loss." "Serious injury" is defined by subdivision 4 of section 671 of the Insurance Law as "a personal injury * * * (b) if the reasonable and customary charges for medical, hospital, surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services necessarily performed as a result of the injury would exceed five hundred dollars." It is apparent that if reasonable and customary expenses for chiropractic treatments are to be includable in determining whether a plaintiff has suffered a serious injury, such expenses must be considered medical, as that term is used in the statute. We conclude that they are not. Section 6521 of the Education Law defines the practice of medicine as "diagnosing, treating, operating or prescribing for any human disease, pain, injury, deformity or physical condition." Section 6522 of the Education Law provides that "Only a person licensed or otherwise authorized under this article [art 131] shall practice medicine or use the title 'physician'." Subdivision 1 of section 6551 (art 132) of the Education Law states: "The practice of the profession of chiropractic is defined as detecting and correcting by manual or mechanical means structural imbalance, distortion, or subluxations in the human body for the purpose of removing nerve interference and the effects thereof, where such interference is the result of or related to distortion, misalignment or subluxation of or in the vertebral column." It is apparent from the statutory scheme that chiropractic treatment is a service distinct from medicine, and that chiropractors do not practice medicine. Section 6531 of the Education Law defines the practice of physical therapy as "treating by the use of actinotherapy; hydrotherapy, electric or medicated baths of all types, and colonic irrigations; mechanotherapy, including therapeutic exercises; thermotherapy and electrotherapy, exclusive of the X-ray. Such treatment shall be rendered pursuant to prescription or referral by physician and in accordance with physician's diagnosis." Although no referral by a physician is necessary for chiropractic treatment, it is apparent that the services rendered by a chiropractor are more closely akin to those rendered by a physical therapist than by a physician. Basic economic loss is defined by section 671 (subd 1, par [a]) of the Insurance Law as "all reasonable and necessary expenses incurred for: (i) medical, hospital, surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services; (ii) psychiatric, physical and occupational therapy and rehabilitation * * * and, (iv) any other professional health services". It is clear that the Legislature thus chose to separate physical therapy from medical services in its definition of basic economic loss. Considering the relative functions of physicians, chiropractors and physical therapists, it is reasonably clear that the Legislature could not have intended to include chiropractic treatment within the term "medical services". Expenses for chiropractic treatments are recoverable as first-party benefits, as they clearly fall within the catchall provision "any other professional health services". However, such a catchall provision is conspicuous by its absence in the Legislature's definition of "serious injury". We disagree with those who argue that the definition of medical services in paragraph (b) of subdivision 4 of section 671 of the Insurance Law is, for some reason, broader than the same term used in subdivision 1 (par [a], cl [i]) of that section. Those services which are includable in determining serious injury are precisely those which are enumerated in subdivision 1 (par [a], cl [i]). However, the Legislature omitted from paragraph (b) of subdivision 4 those services enumerated by subdivision 1 (par

[a], cls [ii], [iv]). The fact that the Legislature had previously paralleled a portion of paragraph (a) of subdivision 1 can only indicate that this omission was deliberate and that the Legislature intended to prevent recovery for noneconomic loss by prospective plaintiffs who could not show $500 in reasonable and customary charges without including charges by a chiropractor. (Cf. *Sanders v Rickard,* 51 AD2d 260; *Colenzo v Kernan,* 49 AD2d 809; *Goldwire v Youngs,* 82 Misc 2d 351, all using similar reasoning in holding that charges by a physical therapist are not includable in reaching the statutory threshold.) A review of the purposes of the no-fault law supports this interpretation. On the one hand, the Legislature intended to permit liberal recovery of moneys actually expended in the treatment of accident-related injuries. On the other hand, the Legislature sought to reduce the number of automobile negligence cases which the courts were required to handle, as well as to ensure that persons permitted to recover for pain and suffering in addition to actual treatment expenditures were, in fact, seriously injured. The interpretation we have placed upon the statute is consistent with both goals. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.