OPINION OF THE COURT
Gloria Goldstein, J.
This is an automobile personal injury action in which the issue was whether there had been a "serious injury” as defined in subdivision 4 of section 671 of the Insurance Law so as to permit a recovery for noneconomic loss under section 673 of the Insurance Law. This court ruled that this issue raised a question of fact for the jury. The jury answered in the affirmative, returned a verdict for the plaintiff, and awarded her $500. The defendant has moved to set aside the verdict and dismiss the complaint. The plaintiff has moved to set aside the verdict as inadequate.
The basic facts of this case are not in dispute. The defendant has conceded that there was an automobile accident on January 23, 1978 which was caused solely by the negligence of the defendant. The defendant further conceded that the plaintiff injured her back and that this accident was the proximate cause of the injuries. The controversy arises over the issue of "serious injury” and how it need be proved. The plaintiff testified to five weeks of conscious pain and suffering and a corresponding course of treatment by her physician. Plaintiff testified that for three weeks after the accident she was confined to her bed and was unable to move due to pain in her back. She testified that she could not sleep, eat, dress, or go to the bathroom without assistance. Plaintiff further testified that when she returned to work, three weeks after the accident, she still experienced pain in her back for two more weeks. In addition to her testimony, plaintiff introduced into evidence a certified hospital record showing a back injury but did not introduce any expert medical testimony. The defendant contends that the plaintiff has failed to show a "serious injury” as a matter of law because she did not establish the nature or degree of her injury by the testimony of a physician.
It has been noted that the New York no-fault insurance law "omits entirely the procedural rules and devices under which a dispute is to be litigated as to whether an injured party has passed across the no-fault 'threshold’ into the familiar domain of conventional damage recoveries, including recoupment for *809 pain, suffering, and other noneconomic losses”. (Schwartz, No Fault Insurance: Litigation of Threshold Questions Under the New York Statute — The Neglected Procedural Dimension, 41 Brooklyn L Rev 37, 39.) However, the weight of authority is that the serious injury issue is a question of fact for the jury to resolve, unless there is a bona fide dispute. (See Simone v Streeben, 56 AD2d 237; Davis v Pathe Cab Corp., 84 Misc 2d 559; Snyder v Laffer, 81 Misc 2d 814; Harris v St. Johnsbury Trucking Co., 57 AD2d 127.) Professor Siegel has written that a "determination by a Judge that an injury is not 'serious’ amounts, by analogy, to the granting of summary judgment * * * the Judge can do that * * * only when the facts of the individual case are such that reasonable men could not differ.” (See Siegel, 1975 Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:47.) This court ruled that the threshold issue here was a question of fact and found that under the facts of this case different people might reasonably draw opposing inferences. The issue was therefore submitted to the jury, under instructions from the court as to the law applicable to the case. (See Richardson, Evidence [10th ed], § 118.)
Section 673 of the Insurance Law provides in pertinent part that "there shall be no right of recovery for non-economic loss, except in the case of a serious injury”. Subdivision 4 of section 671 of the Insurance Law, as amended in 1977, defines "serious injury”: "4. 'Serious injury’ means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; signiñeant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person’s usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.” (Emphasis added.) Plaintiff concedes, that because of the facts of this case, the only way she can satisfy the serious injury requirement is by showing a "significant limitation of use of a body function or system”. It is noteworthy that there is no requirement that this "limitation” be permanent. The Legislature did not require permanency although they could have easily done so. Furthermore, if "permanency” were read into the clause, it would then be *810 almost identical to the clause immediately preceding it. We conclude that the Legislature did not intend that this "limitation” be permanent.
This clause was first promulgated as part of the 1977 amendment. Nowhere is it explained what constitutes a "significant limitation of use of a body function or system”, and this court has been unable to discover any cases interpreting that clause. This court, therefore, construed the statute guided by general principles of statutory construction and interpretation rather than by precedent. The basic rule of statutory construction is that "[t]he primary consideration of the courts * * * is to ascertain and give effect to the intention of the Legislature”. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 92, subd a.) The legislative intent is determined from the words and language used, generally "according to its natural and most obvious sense, without resorting to an artificial or forced construction”. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 94 and cases cited in commentary.)
A "significant limitation of use of a body function or system” is not a medical term, nor is it a medical condition that only a doctor can diagnose. These words, taken together in context, do not have any well-settled legal or medical meaning. The Legislature did not use esoteric technical or special words, but instead chose ordinary words to define this type of "serious injury”. Such words "are to be given their usual and commonly understood meaning, unless it is plain from the statute that a different meaning is intended”. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 232.) It is certainly not plain from this statute that a different meaning is intended. Guided by dictionary meanings, this court gave these words their natural and common meanings, and the jury was charged accordingly.
The question put to the jury was, "has the plaintiff as a result of the accident involved in this case sustained a significant limitation of use of a body function or system?” The jury was charged that: " 'Significant’ means important, meaningful, not trivial of consequence. 'Limitation’ means restriction. 'Use’ means application, utilization, service-ability, benefit. 'Body’ is the whole material part of a human being. 'Function’ means proper work, normal action or use, purpose; the normal action or purpose of an organ or any other part of the body. 'System’ is the organism in relation to its vital processes; a group of bodily organs that together carry on some vital *811 functions; a number of organs and supporting structures which work together to perform one of the more important bodily functions. Using the definitions as I have given you for the plaintiff to be successful in this cause of action, you must find that the back injury was a significant limitation of use of a body function or system, but there is no requirement that the limitation of the function or system be permanent.”
The jury unanmiously agreed that there had been a significant limitation of use of a body function or system.
The defendant urges this court to hold that the nature or degree of plaintiffs injuries must be established by the testimony of a physician. However, the no-fault statute contains no such requirement in this situation. It appears that none was intended since a requirement for a medical determination was included in the final clause of subdivision 4 of section 671 of the Insurance Law, but excluded here. The inclusion elsewhere suggests that the exclusion here was intended. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 74 and commentary.)
More significantly, however, there is no need to require medical testimony as a matter of law. The basic reasons for requiring medical testimony are not present in this case. It is not necessary to show a causal connection since there is no proximate cause issue here. The defendant has conceded that plaintiff was injured and that his negligence was the proximate cause of her injuries. Neither is medical testimony needed here to prove future pain and suffering since it is not in issue. Furthermore, this is not a case in which the facts or conclusions to be drawn from the facts are beyond the common knowledge and understanding of a jury of average intelligence. (See Richardson, Evidence [10th ed], § 367.) As noted previously, a "significant limitation of use of a body function or system” is neither a medical term nor a medical condition that only a doctor can diagnose. The Legislature chose ordinary words, and this court gave those words their ordinary meanings. Taken together these words formed a phrase which was within the understanding of the jury. Moreover, the "limitation” to which the plaintiff testified was also within the understanding of the jury. Plaintiff testified as to her pain and suffering and her inability to move, sleep, eat, dress, or go to the bathroom unaided. Certainly all of these matters are within the common experience of ordinary people. The jury was therefore competent without the benefit of expert medical *812 testimony to determine whether or not there had been a significant limitation of use of body function or system. (See Shaw v Tauge, 257 NY 193.)
There is sufficient evidence to support the jury’s finding of a significant limitation of use of a body function or system. It is well settled that a plaintiff in a negligence case may testify to conscious pain and suffering for a reasonable period after an injury, even without expert testimony when there is corroboration by a certified medical record. (See Shaw v Tauge, supra; see, also, Proof of Medical Issues by a Lay Witness, The Civil Court Committee of Continuing Education, Directive No. 428, 1977.) We find this especially proper here, where the defendant has conceded that his negligence was the proximate cause of the plaintiff’s injuries. The credibility of a witness is normally a question for the jury to decide. (See Richardson, Evidence [10th ed], § 123.) The plaintiff had to convince the jury that she suffered a "serious injury”, and the jury was able to observe her demeanor as she testified. Moreover, the jury was charged that they could consider the failure of the plaintiff to call the doctor who examined and treated her, and draw the strongest inferences against plaintiff as the opposing evidence permitted. That jury still found a "serious injury”, and that determination should not be upset unless there is no rational basis for it. This court finds that the defendants’ concessions and the plaintiff’s testimony, corroborated by the certified medical record, constitute a rational basis for the jury’s determination. A requirement for medical testimony that is not mandated by intent of the Legislature should not be read into the no-fault statute — especially a requirement which the Legislature could have easily expressed but did not. This court finds no compelling reason to require medical testimony as a matter of law.
 In summary, this court holds that plaintiff presented a question of fact about which reasonable minds could differ and that this question of fact was properly one for the jury to resolve. We hold that medical testimony was not required as a matter of law in order for plaintiff to show a "significant limitation”, and furthermore, that medical testimony was not required in this particular case. We also find that there was sufficient evidence of "serious injury” to provide a rational basis for the jury’s verdict. The defendants’ motion to set aside the verdict is accordingly denied.
This court does not believe that its ruling is inconsistent *813 with the legislative purpose behind the no-fault statute. The phrase in question was part of a 1977 amendment which redefined the term "serious injury”. Prior to the amendment, recovery for noneconomic loss was permitted under the old definition for injuries which resulted in death, dismemberment, significant disfigurement, etc., and also for a residue of injuries which were deemed "serious” if they required $500 in medical expenses. It is obvious from this structure that the Legislature intended to provide for recovery for various unspecified injuries which were considered serious if they met the $500 threshold. However, the $500 threshold requirement led to much abuse through inflated claims. It was this abuse that the Legislature sought to remedy by the 1977 amendment.
Although the amendment included several changes, the fundamental change was the replacement of the $500 threshold criterion with objective verbal criteria, including the phrase, "significant limitation of use of a body function or system”. It is clear to this court that the Legislature intended to continue to permit recovery for various unspecified injuries. However, now a plaintiff may no longer qualify for recovery under section 673 by simply showing $500 in medical expenses. Instead, since the amendment, a plaintiff must satisfy any one of the eight clauses in subdivision 4 of section 671 of the Insurance Law to the satisfaction of the trier of the facts. In the instant case plaintiff Hezekiah was able to do this. She raised a question of fact and convinced the jury that she suffered a significant limitation of use of a body function or system. Plaintiff is therefore entitled to recover under the statute as it is written. If the Legislature did not mean what it wrote, then it is a matter for the Legislature to remedy, and not one for the courts.
The plaintiff’s motion to set aside the verdict as inadequate must also be denied. The jury was aware that plaintiff had already been reimbursed for medical expenses and loss of wages. In view of the subjectivity of plaintiff’s complaints and the issue of credibility, it cannot be said that the jury’s award of $500 was so grossly inadequate as to be unconscionable. (See Hallenbeck v Caiazzo, 41 AD2d 784; Duchesne v Loomis, 55 AD2d 819; Hegyi v Jones, 40 AD2d 1053.)
All motions are denied.