OPINION OF THE COURT
Pino, P. J.
In this automobile negligence action, there is presented an issue of first impression, that is, whether in the court below plaintiff has met the revised no-fault verbal threshold *408 of “serious injury” as defined in subdivision 4 of section 671 of the Insurance Law (L 1977, ch 892) and as a prerequisite to sue for noneconomic loss or “pain and suffering.”
While we commend the efforts of the trial court to ascertain the legislative intent, we disagree with its conclusions.
At the trial, the defendant conceded liability for the accident. Plaintiff testified that she was a passenger in a taxicab in January, 1978 when it was struck in the rear by the defendant Williams’ car. She claims that as a result of the accident, she suffered injury to her lower back which caused her considerable pain and discomfort. She further claims that after receiving emergency treatment at the hospital, she went home; saw a physician more than 10 times; needed assistance in eating, dressing, going to the bathroom, etc.; remained home for three weeks; and then returned to the performance of her regular duties of employment. Plaintiff presented no medical testimony; nor did she offer any proof of disability after the date of her return to her employment.
At the end of plaintiff’s case, defendant moved to dismiss the plaintiff’s complaint upon the ground that plaintiff failed to prove a prima facie case, since there was a failure to prove by competent medical testimony and evidence, that the subject injury satisfies any of the threshold requirements set forth in subdivision 4 of section 671 of the Insurance Law. The court denied defendant’s motion and after the defendant offered no proof, submitted the issue to the jury, charging it in part as follows: “In this case, the plaintiff must prove to you, the jury, by a fair preponderance of the credible evidence that the personal injury she sustained to her back was a serious injury, the definition of which, in this case, is a ‘significant limitation of use of a body function or system.’ The question that you, the jury, will answer is has the plaintiff as a result of the accident involved in this case sustained a significant limitation of use of a body function or system? ‘Significant’ means important; meaningful; not trivial, or consequence. ‘Limitation’ means restriction. ‘Use’ means application; utilization; serviceability; benefit. ‘Body’ is the whole material part of a human being: ‘Function’ means proper work; normal action or use; purpose; *409 the normal action or purpose of an organ or any other part of the body. ‘System’ is the organism in relation to its vital processes; a group of bodily organs that together carry on in vital functions; a number of organs and supporting structures which work together to perform one of the more important bodily functions. Using the definition as I have given you, for the plaintiff to be successful in this cause of action, you must find that the back injury was a significant limitation of use of a body function or system. But, there is no requirement that the limitation of the function or system be permanent.”
The jury returned a verdict in favor of the plaintiff in the sum of $500 and defendant’s motion to set aside the verdict upon the grounds previously set forth for dismissal was denied by the court; and the court also denied plaintiff’s motion to set aside the verdict as inadequate.
The term “serious injury” is defined in the present statute (Insurance Law, § 671, subd 4) as follows: “ ‘Serious injury’ means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; permanent loss' of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person’s usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.” (Emphasis added.)
The predecessor statute (added by L 1973, ch 13) defined “serious injury” as any of the personal injuries enumerated therein or, alternatively, any personal injury resulting in approved medical charges being incurred that exceed $500.
A comparison of the present and former statutes is of value in ascertaining legislative intent (56 NY Jur, Statutes, § 90). It discloses that the first portion of the former statute describing substantial injuries was modified by eliminating the denotation of fractures and enlarged by the additions of the phrases underlined in the above, quota *410 tian. The second portion of the statute was amended by deleting the $500 medical expense requirement and substituting a specific qualifying definition of a nonpermanent injury or impairment as one which prevents a person “from performing substantially all of the material acts” constituting such person’s “usual and customary daily activities for not less than ninety days during the first one hundred eighty days” immediately after the accident. (Emphasis added.)
Appropriate reports and memoranda may also be resorted to as an aid in the search for legislative intent (McKinney’s Cons Laws of NY, Book 1, Statutes, § 125, subd b). In this respect the memorandum of the State Executive Department (1977 McKinney’s Session Laws of NY, pp 2445, 2448, 2450), merits consideration. It states that the revision: “repeals the existing subdivision 4 of Section 671, which provides a mixed verbal and monetary threshold in regard to an injured individual’s right to sue for ‘pain and suffering’ and substitutes a pure verbal definition. This new objective verbal definition is expected to significantly reduce the number of automobile personal injury accident cases litigated in the courts, and thereby help contain the no-fault premium. * * *
“One major factor in the cost of auto insurance is the present provision which allows an injured party to sue for ‘pain and suffering’ if his medical costs exceed $500. This monetary ‘threshold’ has created a target for accident victims, their attorneys and health providers, which is too easily reached. The verbal definition provided in the bill will place a reasonable restriction and further limitation on the right to sue, in order to preserve the valuable benefits of no-fault, at an affordable cost.” (Emphasis added.)
It is to be especially noted that the supplemental memorandum of the New York State Assembly supports the measure in almost identical language.
The comment by the Governor of the State of New York, in approving the various amendments to the no-fault provisions of the Insurance Law, also deserves attention (cf. Matter of Four Maple Dr. Realty Corp. v Abrams, 2 AD2d 753, 754). He stated in part, the following: “In my Annual Message to the Legislature, I stated that the present *411 provision in the law which permits the bringing of a lawsuit in an auto accident case solely on the basis of the expenditure of $500 in medical costs has created a target for accident victims, their attorneys and health providers which is too easily satisfied. I stated that there must be a reasonable restriction on the right to sue in order to preserve the valuable benefits provided by no-fault, at an affordable cost * * * The bill implements those proposals and other significant improvements in the no-fault law. The major provisions of the bill include the following: “deletion of the $500 medical threshold and substitution of a pure verbal definition of ‘serious injury’ to further reduce litigation and prevent abuse of first party benefits” (emphasis supplied). (1977 McKinney’s Session Laws of NY, p 2534.)
The rules of statutory construction applicable here are collated in McKinney’s Consolidated Laws of New York, (Book 1, Statutes, §§ 95 and 96) thereof, and are aptly stated by Judge Rippey in People v Ryan (274 NY 149, 152): “In the interpretation of statutes, the spirit and purpose of the act and the objects to be accomplished must be considered. The legislative intent is the great and controlling principle. Literal meanings of words are not to be adhered to or suffered to ‘defeat the general purpose and manifest, policy intended to be promoted;’ all parts of the act must be read and construed together for the purpose of determining the legislative intent, and if the statute is ambiguous and two constructions can be given, the one must be adopted which will not cause objectionable results or cause inconvenience, hardship, injustice or mischief or lead to absurdity.” (Emphasis supplied.)
Construing the trial evidence most favorably to the plaintiff, at best, she established, without the introduction of medical testimony, that she suffered a nonpermanent injury and a 21-day disability.
It makes no sense to this court, in view of the preceding clear pronouncements of the Governor and the Legislature, and the sound rules of statutory construction alluded to above, to ascribe to the employment of the statutory definition “significant limitation of the use of a body function or system”, a legislative intent to include as a “serious injury” *412 the bodily injury to plaintiff in this case. The amorphous “significant limitation” phrase is followed by a definition of “serious injury” precisely delineated as “a medically determined injury” of a nonpermanent nature which, in substance, prevents a person from performing his or her “usual and customary daily activities” for a period of “not less than ninety days.” This specific definition of “serious injury” obviously includes an injury involving “limitation of use of a body function or system”.
The statute appears to describe two broad categories of injuries which fall within the purview of “serious injury.” The first category is concerned with injuries that are fatal, permanent, enduring, objective rather than subjective, substantial, extraordinary and/or severe. The term “significant limitation of use of a body function or system” is physically included in the first category. The second category is concerned with injuries that are nonpermanent, medically determined, and are disabling for a prescribed minimum period of 90 days. Conceivably, there can be an unusually severe injury of sufficient duration, though less than 90 days, such as temporary total blindness, temporary paralysis, or complete body immobilization that would meet the statutory requisite of “significant limitation of use of a body function or system”. It is our opinion that in such cases the trial court would be required to charge the entire statutory definition and such language in this opinion as is appropriate, as a guide to the jury on the applicable law, consistent with the legislative intent.
However, to qualify, this plaintiff’s nonmedically determined, nonpermanent injury of substantially less than 90 days’ duration as a “significant limitation of use of a body function or system”, by a literal definition thereof, would render meaningless the Legislature’s distinct description of the term “nonpermanent” in defining “serious injury” and would create a third category of “serious injury” which would subvert the manifest intent of the Legislature. This court therefore determines, as a matter of law, that plaintiff’s injury fails to meet the statutory definition of “serious injury” entitling her to maintain the present action.
The trial court has erroneously relied upon a literal, die *413 tionary interpretation of an ambiguous, out-of-context definition of nonpermanent “serious injury” that would effectively nullify a specific minimum duration-of-disability definition thereof, and would thus frustrate the remedial purpose of the statute and the unmistakable expression of legislative intent to effect “a reasonable restriction and further limitation of the right to sue” and thereby “preserve the valuable benefits of no-fault at an affordable cost.”
The failure of the court below to dismiss the complaint, as a matter of law, and its acceptance of a jury finding that the subject injury is a “significant limitation of use of a body function or system” has indeed led to the absurdity of sustaining a $500 verdict for a noneconomic loss, or “pain and suffering.” If not reversed, such a verdict would certainly presage the very mischief sought to be avoided by the corrective legislative effort which the amended statute represents: the effective destruction of the no-fault concept.
In our view, therefore, defendant-appellant was entitled to a judgment dismissing the complaint, as a matter of law.
Concur: Buschmann and Kunzeman, JJ.
Judgment of the court below (see 100 Misc 2d 807) in favor of plaintiff for the sum of $500 unanimously reversed, without costs, and judgment directed in favor of defendant Williams dismissing the complaint.