OPINION OF THE COURT
Patricia D. Collins, J.
This is the court’s decision on the motion.
This trial has been conducted as a split trial; that is, the jury has first determined the issue of liability and found 100% in favor of the plaintiff, and have now to consider the issue of damages.
Counsel for the defendant moves at the end of plaintiff’s case to dismiss the complaint for having failed to make a prima facie case in that defendant states there has been a failure as to proof by competent medical testimony and evidence that the plaintiff’s injury satisfies any of the pertinent threshold requirements set forth in subdivision 4 of section 671 of the Insurance Law.
The professional services rendered to plaintiff by the licensed physical therapist were rendered pursuant to a referral by the plaintiff’s physician. ’
The plaintiff’s physician and an orthopedic doctor consulted by plaintiff were not called in to testify in this trial.
*243 In support of defendant’s motion to dismiss, the defendant cites Hezekiah v Williams (100 Misc 2d 807, revd 106 Misc 2d 407, affd 81 AD2d 261).
Defendant points out that there has been no proof adduced concerning “permanency”, even from the physical therapist, and calls to the court’s attention that under the former provisions of section 671 of the Insurance Law, bills submitted for services rendered by a licensed physical therapist did not qualify in considering whether a plaintiff met the then $500 threshold.
Defendant urges that inasmuch as plaintiff has failed to put in any medical testimony, there is no line of reasoning whereby the jury could find for the plaintiff on the issue of medically determined injury or a permanent injury.
Defendant states that “nonpermanent” requires medical testimony and in all cases, the court has the right to determine if the threshold has been met before submitting a case to the jury.
Plaintiff, in opposing this motion to dismiss, contends there is sufficient compliance with subdivision 4 of section 671 of the Insurance Law within the evidence submitted so as to submit his case to the jury.
Plaintiff points out' that the hospital record and the record of disability payments made to the plaintiff are in evidence without objection, and so there is a relationship established between the accident and the injury; that a “significant limitation of use of a body function or system” need not be permanent or medically connected.
Plaintiff points out that the Hezekiah v Williams citation (supra) is not on all “fours” with the plaintiff’s case, that plaintiff has met the 90-day requirement based on the evidence before the court, and moreover, has introduced the testimony of a witness from an allied medical field, i.e., a therapist.
Plaintiff urges that subdivisión 4 of section 671 is not sufficiently clear that testimony be limited to a licensed physician but that plaintiff may use, as he has, any member of an allied medical profession and that the physical therapist is licensed, much as the doctor, by the same Department of Education. Clearly the record does not *244 disclose a claim for disfigurement, a fracture, permanent loss of use of a body organ, member, function or system.
Plaintiff’s position is that he has a right to go to the jury on a three-pronged question of damages for: (A) permanent consequential limitation of use of a body organ or member; (B) significant limitation of use of a body function or system; and (C) a medically determined injury or impairment of a nonpermanent nature which prevents the injured plaintiff from performing substantially all of the material acts which constitute the plaintiff’s usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment; without producing a medical doctor and in sole reliance upon the testimony of the plaintiff and a licensed physical therapist, as well as the" exhibits in evidence.
Defendant contends that the court has the right to dismiss for failure to establish a serious injury by competent medical testimony.
The court renders the following decision.
The fact that the question of whether the services rendered by a licensed physical therapist may be considered in computing basic economic loss has been resolved by the most recent amendment to section 671 (subd 1, par [a]) of the Insurance Law. In this court’s opinion, that is not determinative of the question of competency to testify concerning the elements of “serious injury” as set forth in subdivision 4 of section 671 of the Insurance Law.
The definition of a physical therapist as set forth in section 6731 of the Education Law is:
“Physical therapy is defined as:
“a. The evaluation, treatment or prevention of disability, injury, disease, or other condition of health using physical, chemical, and mechanical means including, but not limited to heat, cold, light, air, water, sound, electricity, massage, mobilization, and therapeutic exercise with or without assistive devices, and the performance and interpretation of tests and measurements to assess pathophysiological, pathomechanical, and developmental deficits of human *245 systems to determine treatment, and assist in diagnosis and prognosis.
“b. The use of roentgen rays or radium, or the use of electricity for surgical purposes such as cauterization shall not be included in the practice of physical therapy.
“c. Such treatment shall be rendered pursuant to a referral which may be directive as to treatment by a licensed physician, dentist or podiatrist and in accordance with their diagnosis.”
That is the definition of physical therapy as set forth in section 6731.
The definition of “the practice of medicine” set forth in section 6521 of the Education Law is as follows: “The practice of the profession of medicine is defined as diagnosing, treating, operating or prescribing for any human disease, pain, injury, deformity or physical condition.”
In considering the defendant’s motion, it is not without significance to the court that the services of a licensed physical therapist may only be rendered pursuant to a referral by a licensed physician, dentist or podiatrist.
Clearly, a physical therapist treats in accordance with the diagnosis of the medical doctor and is not permitted or presumed competent to render an independent diagnosis or prognosis.
There is an obvious distinction between the right to qualify for payment for professional therapy treatment and the capability to render a competent, professional opinion as to permanency. The physical therapist would probably be the first to admit to that distinctive limitation as clearly enunciated in the licensing provisions of the Education Law.
The court grants so much of defendant’s motion as seeks to remove from the jury’s consideration plaintiff’s claim for damages for permanent consequential limitation of use of a body organ or member for the reason that plaintiff has failed to establish “permanency” by competent medical testimony.
A physical therapist, by the very definition of such, cannot make a diagnosis or prognosis. “Permanency” *246 clearly requires the testimony of a doctor who can render a prognosis. The physical therapist, by definition, is not competent to make a diagnosis so as to establish a causal relation resulting in a nonpermanent limitation as defined in the statute.
Again, so much of defendant’s motion as requests dismissal for failure to establish the last disjunctive paragraph of subdivision 4 of section 671 of the Insurance Law, which reads “medically determined injury or impairment, [et cetera]” is granted.
This brings the court to the question of “significant limitation of use of a body function or system”.
The court finds that this issue should not be dismissed from the jury’s consideration as a matter of law.
This is a question of fact, albeit there is no supportive testimony of a physician.
The quality of the evidence is for the jury to assess. Whether they choose to believe the plaintiff as he related his limitation is within their province. He testified as to what he did before the accident as compared to what he can do since. It will be up to the jury, in the framework of the law as given by the Bench, to determine whether there is a significant limitation.
“Significant” is in the eye of the beholder, the beholder being the jury in this instance.
The therapist testified as to treatment rendered after the referral from the plaintiff’s doctor for a disability which he experienced after the accident with the defendant, admission to the emergency room of the Syosset Hospital and treatment by his regular doctor and a specialist.
A limitation in the final analysis, unless patently obvious, is in great measure subjective. Credibility here is the key issue. The limitation need not be permanent nor medically determined for the jury to consider same.
The Legislature has set forth the distinction by creating separate categories and has apparently been content to leave the statute unchanged for approximately five years.
The court finds there is a triable issue of fact as to the question of “significant limitation of use of a body function *247 or system,” that plaintiff has made a prima facie case, albeit perhaps not by evidence of the best quality, i.e., self-servicing statement, but that is an assessment for the jury to make.
Therefore so much of the defendant’s motion as seeks a dismissal for failure to prove a prima facie case concerning “significant limitation of use of a body function or system” by virtue of lack of medical testimony is denied.
The most recent citation bearing on the subject matter of this motion is Daviero v Johnson (110 Misc 2d 381). There the court states (p 387), “[I]n an appropriate case, a plaintiff might, under the significant limitation definition, be entitled to recover for injuries and pain and suffering of a limited duration — even for injuries that are not medically determined *** The issue is one for the court, in the first instance, to determine whether the plaintiff has established a prima facie case * * * Moreover, to allow every case to go to a jury would render the 1977 amendment of the definition of ‘serious injury’ meaningless and further frustrate the legislative purpose of limiting the number of tort suits for noneconomic loss.”
The court determines that in this case, the question of “significant limitation” is a proper question of fact best left for the jury to resolve.
However, the case will be given to the jury for consideration on that limited issue and a direction that permanency is not necessary nor may they consider permanency.