■ Nicholas E. Licari et al., Respondents, v Arthur L. Elliott, Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant appeals from a judgment of the Supreme Court, Queens County (Buschmann, J.), entered December 22, 1980, which, upon a jury verdict finding the plaintiff Nicholas Licari to be 30% liable and the defendant to be 70% liable, awarded said plaintiff the principal sum of $14,700. Judgment reversed, on the law, with costs, and complaint dismissed. On this record, we conclude that plaintiff Nicholas Licari failed, as a matter of law, to establish that he had suffered a "serious injury" which resulted either in (1) a "significant limitation of use of a body function or system", or (2) "a medically determined injury or impairment of a non-permanent nature" which endured for 90 days or more, and substantially limited the performance of his daily activities (see Insurance Law, § 671, subd 4; *Hezekiah v Williams,* 81 AD2d 261). Although said plaintiff remained at home for a month following the accident and was unable to perform any of his usual activities during that time, this period of inactivity fell short of the 90 days required by the statute. Upon resuming his work as a taxicab driver, Mr. Licari was unable to assist passengers with their luggage, but there was no testimony that he failed to resume any of his other activities once he returned to work. It is apparent from the record, then, that plaintiff Nicholas Licari was not prevented from performing "substantially all of the material acts which constitute [his] usual and customary daily activities for not less than ninety days" (Insurance Law, § 671, subd 4). In the absence of proof of "serious injury" the complaint must be dismissed (see Insurance Law, § 673, subd 1). Since the complaint is being dismissed for jurisdictional reasons, we do not reach the other issues raised by the defendant in his brief. Damiani, J. P., Titone, Lazer and Gibbons, JJ., concur.