■ JEANETTE ROTE, Appellant, v GEORGE ST. PETER, Respondent. — Kane, J. P. Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered May 16, 1984 in Montgomery County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced the instant action in September 1982 to recover damages for personal injuries she allegedly sustained as a result of an automobile accident which occurred on October 27, 1981. In a bill of particulars, plaintiff acknowledged that she did not suffer a permanent injury; however, she contended that the injuries to her knee constituted: "a medically determined injury or impairment of a non-permanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than ninety days during the one hundred and eighty days immediately following the occurrence of the injury". (*See,* Insurance Law § 5102 [d].) At an examination before trial, plaintiff explained that the only medical attention she received was rendered on visits to a hospital emergency room on the date of the accident, October 27, 1981, and shortly thereafter, on November 2, 1981. At the time of the accident, plaintiff was a student. Plaintiff stated that due to her injuries, she was forced to miss about a week of school and gym class for approximately 45 days. Plaintiff further stated that the only thing she was unable to do after January 1, 1982 was take her customary long walks.

Defendant moved for summary judgment on the ground that plaintiff did not sustain a serious injury as defined in Insurance Law § 5102 (d). Special Term granted the motion and the instant appeal ensued.

An examination of the record supports Special Term's determination. Plaintiff's own testimony at the examination before trial belies her claim of serious injury. Moreover, plaintiff has failed to present medical evidence to substantiate her claim of serious injury (*see, Daviero v Johnson,* 88 AD2d 732, 733; *Hezekiah v Williams,* 81 AD2d 261). Accordingly, the order must be affirmed (*see, Jones v Sharpe,* 99 AD2d 859, *affd* 63 NY2d 645).

Order affirmed, with costs. Kane, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.