■ JOHN CICCARELLA, an Infant, by VINCENT CICCARELLA, His Parent and Natural Guardian, et al., Respondents, v FREDERICK GRAF et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal from a judgment of the Supreme Court, Nassau County (Velsor, J., at trial on liability; Roncallo, J., at trial on damages), dated May 8, 1984, which, upon separate jury verdicts on liability (apportioning 65% liability to defendants Graf and Veterans Transportation Co. and 35% to the defendant County of Nassau) and damages, was in favor of plaintiffs in the principal sum of $50,000.

Judgment affirmed, with one bill of costs.

The infant plaintiff was injured in a school bus accident on February 26, 1981. At the trial on the issue of liability, plaintiffs presented sufficient proof of the bus driver's negligence to support the jury's verdict finding him and his employer, Veterans Transportation Co., at fault. Defendant County of Nassau contends that it was not liable for the accident (which the bus driver claimed occurred when the right front wheel of the bus hit a pothole causing a blowout), because it had no prior notice of the existence of the pothole. However, the bus driver testified that he had observed the pothole the day before the accident, contradicting the testimony of a county employee who claimed to have inspected the road on the morning of the accident and had failed to observe any potholes. Resolution of the witnesses' credibility was the jury's proper function and we see no basis for disturbing its conclusion *(see, Taype v City of New York,* 82 AD2d 648). The

bus driver's testimony was sufficient to support a finding that the county had constructive notice of the pothole and had a duty, which it breached, to repair it *(see, Harris v Village of East Hills,* 41 NY2d 446, 450; *Gaines v Long Is. State Park Commn.,* 60 AD2d 724).

Plaintiffs' expert testified that the infant plaintiff suffered a compression "fracture of the T-8 vertebrae", a permanent, "pain-producing injury". Although defendant's experts disagreed with that diagnosis, the jury's resolution of the conflicting opinions of the experts must prevail *(see, Felt v Olson,* 51 NY2d 977; *Rametta v Kazlo,* 68 AD2d 579). Plaintiffs' evidence adequately established "serious injury" as defined in Insurance Law § 5102 (d) and as found by the jury *(see, Slack v Crossetta,* 75 AD2d 809).

We find no errors in evidentiary rulings made by the trial court at the trial on damages, nor do we find the amount of damages awarded by the jury excessive *(see, Juiditta v Bethlehem Steel Corp.,* 75 AD2d 126, 138). Thompson, J. P., Brown, Weinstein and Eiber, JJ., concur.