**Elizabeth D'AVOLIO and Dominic D'Avolio, Plaintiffs-Appellees,**

v.

**DICTAPHONE CORPORATION, Paul J. Lopez, and Nicoletta N. Darmas, Defendants,**

**Dictaphone Corporation and Paul J. Lopez, Defendants-Appellants.**

No. 1282, Docket 87–7227.

United States Court of Appeals, Second Circuit.

Argued June 22, 1987.

Decided June 26, 1987.

Douglas A. Boeckmann, New York City (Semel, Boeckmann, Diamond, Schepp & Yuhas, Michele Schuster, New York City, of counsel), for defendants-appellants.

Ronald R. Sussman, Commack, N.Y. (Sussman, Gottlieb & Needleman, Camille Argento, New York City, of counsel), for plaintiffs-appellees.

Before CARDAMONE, PIERCE and WINTER, Circuit Judges.

PER CURIAM:

Defendants Dictaphone Corp. and Paul J. Lopez appeal from a judgment of the United States District Court for the Eastern District of New York (Weinstein, Ch.J. with jury) entered on February 11, 1987 in favor of plaintiff-appellee Elizabeth D'Avolio.

On January 14, 1984 Mrs. D'Avolio was riding in a taxi-cab owned and operated by co-defendant Nicoletta Darmas, when it collided with a vehicle owned by defendant Dictaphone and operated by its employee Paul Lopez. She brought this action to recover for personal injuries sustained during the accident, and her husband, co-plaintiff Dominic D'Avolio, brought a derivative action for loss of services and consortium. The defendants stipulated to 50% liability per vehicle, and the trial was held only on the damages issue.

At trial the two plaintiffs and the defense's medical expert were the only witnesses. Hospital records and emergency medical service reports indicating that Mrs. D'Avolio suffered two fractures as a result of the collision were also received into evidence. The jury awarded Mrs. D'Avolio $100,000 for her injuries, including pain and suffering, but awarded her husband no damages on his claims. The defendants' motions to set aside the verdict and for a new trial were denied. On appeal defendants argue first that Mrs. D'Avolio did not suffer a "serious injury" as required by N.Y.Ins.Law § 5104, and second, that the district court erred in allowing the jury to consider future pain and suffering damages absent medical testimony on the permanent nature of plaintiff's injuries.

## *"Serious Injury"*

In order to recover for a non-economic loss, such as pain and suffering, a plaintiff must first demonstrate that he or she has sustained a "serious injury."[1] N.Y. Ins.Law § 5104 (McKinney 1985). Plaintiff attempted to show a "serious injury" by evidence of fractures and of a non-permanent medically-determined injury which prevented her from performing her usual activities for at least 90/180 days following the collision. The defendants claim that Mrs. D'Avolio failed to satisfy her burden because she did not present any medical testimony. Accordingly, they argue that the district court erred in submitting the issue to the jury. We disagree.

First, a fracture is listed in § 5102(d) as constituting a "serious injury". Here, plaintiff submitted hospital records indicating that she suffered two fractures. Defendants apparently concede this point on appeal. This evidence alone was sufficient to put the "serious injury" issue before the jury. *See, e.g., Ciccarella v. Graf,* 116 A.D.2d 615, 497 N.Y.S.2d 704 (2d Dep't 1986).

Second, plaintiff may also demonstrate a "serious injury" if she establishes that: (a) there was a medically determined injury, (b) the impairment prevented the injured person from performing substantially all of the material acts of the person's customary daily activities, and (c) the incapacity lasted for at least 90 out of the first 180 days immediately following the injury. *Stossel v. Fleyshmahker,* 117 Misc.2d 454, 455, 458 N.Y.S.2d 484 (1983). While defendants correctly point out that the injury suffered must be "medically determined" to satisfy the last category of serious injuries listed in § 5102(d), *see, e.g., id.* at 455–56, 458 N.Y.S.2d 484, they cite no case—and we have found none—requiring that elements (b) and (c) must be shown by medical testimony or that element (a) must be proven by an expert medical witness. New York courts considering ele-

---

1.  N.Y.Ins.Law § 5102(d) (McKinney 1985) (formerly § 671(4)) defines "serious injury" as:
    a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

ments (b) and (c) have focused on the credibility of the *plaintiff's* testimony. *See. e.g., id.* at 457–58, 458 N.Y.S.2d 484. Thus, plaintiff's testimony as to the duration and nature of her impairment was equally sufficient to put the "serious injury" issue before the jury.

### Future Pain and Suffering Damages

As already noted, the defendants also argue that the district court erred in allowing the jury to award damages for future pain and suffering absent medical testimony on the permanent nature of plaintiff's injuries. To support this position, they cite cases holding that a "permanent loss" must be established by competent medical testimony. But those cases examine "permanent loss" only as that term is used in the first category of serious injuries listed in § 5102(d). *See, e.g., De Filippo v. White,* 101 A.D.2d 801, 802–03, 475 N.Y.S.2d 141 (2d Dep't 1984); *Caputo v. Cradle,* 111 Misc.2d 242, 245, 443 N.Y. S.2d 807 (1981). Yet, Mrs. D'Avolio did not base her claim on a "permanent loss"; instead, she sought future pain and suffering damages as a result of her fractures. In short, defendants' arguments, are relevant to a different category of "serious injury" not at issue here.

For these reasons, the judgment of the district court is affirmed.