■ STANLEY A. OSOWICKI, III, Appellant-Respondent, v ROBERT A. YOUNG, Doing Business as BOBBY's AUTO, et al., Respondents, and HELEN SCHEER et al., Respondents-Appellants. (And Two Third-Party Actions.)—Mikoll, J.

Plaintiff was a passenger in an automobile operated by his father when it collided with an automobile owned by defendant Allison Palluti. Palluti's car had been towed by defendant Robert A. Young and left motionless without lights in the westbound lane of Route 5S in the Town of Rotterdam, Schenectady County. The auto carrying plaintiff, after hitting Palluti's car, then crossed into the lane of oncoming traffic and struck an automobile operated by defendant Helen Scheer and owned by her husband, defendant Wayne Scheer.

In the instant negligence action plaintiff alleges that he had suffered a "serious injury" as defined in Insurance Law § 5102 (d). Defendants cross-claimed against each other, and Palluti and the Scheers commenced third-party actions against plaintiff's father for his alleged negligent operation of the vehicle.

Following an examination before trial of plaintiff, Palluti moved for summary judgment pursuant to CPLR 3212 claiming that plaintiff had not suffered a serious injury. Palluti submitted an attorney's affidavit and documentary proof, including hospital and physician records together with the transcript of plaintiff's examination before trial, in support of her motion. Young and the Scheers moved for the same relief relying on the same motion papers. The Scheers also moved for summary judgment dismissing the complaint against them on the ground that they were not negligent. Plaintiff submitted only his attorney's affidavit in opposition to the motions for summary judgment which discussed the insufficiency of defendants' proof.

Supreme Court ruled that plaintiff failed to make a prima facie showing of serious injury and dismissed the complaint. Supreme Court also denied the Scheers' separate motion for dismissal on the ground of lack of negligence. Plaintiff appeals, claiming that defendants' failure to submit an affidavit by a physician as to the extent of plaintiff's injuries creates a question of fact for resolution by a jury. The Scheers cross-appeal the denial of their separate motion for summary judgment dismissing the complaint against them due to lack of negligence and seek, in the event of plaintiff's success, a dismissal of plaintiff's claim against them.

There should be an affirmance. The affidavit of defendants' attorney and the examination before trial of plaintiff provided a sufficient basis for Supreme Court's grant of summary

judgment dismissing the complaint *(see,* CPLR 3212 [b]; *Andre v Pomeroy,* 35 NY2d 361; *see also,* Siegel, NY Prac § 281, at 337). The office records of plaintiff's doctor recording plaintiff's treatment and the hospital records were business records kept in the regular course of business *(see,* 8 NYCRR 29.2 [a] [3]) and, accordingly, were properly admissible *(see,* CPLR 4518).

The complaint was properly dismissed. Supreme Court was required to make a threshold determination in this action of whether plaintiff established a prima facie case of serious injury pursuant to Insurance Law § 5102 (d) *(see, Licari v Elliott,* 57 NY2d 230, 237-238; *Berben v Arain,* 124 AD2d 379, 380). Here, not only was defendants' proof sufficient to show no serious injury, but plaintiff's own examination before trial belied a claim of serious injury and was also sufficient to establish that fact *(see, Rote v St. Peter,* 111 AD2d 437, 438, *lv denied* 66 NY2d 604; *see also, Lowe v Bennett,* 122 AD2d 728, 729-731, *affd* 69 NY2d 700). In the absence of any showing by plaintiff of a prima facie case, and based upon the affidavit of defendants' attorney together with documentary evidence, Supreme Court correctly awarded summary judgment dismissing the complaint *(see, Lowe v Bennett, supra).*

Finally, ordinarily the Scheers' unopposed showing that Helen Scheer was not negligent would entitle the Scheers to summary judgment on the issue of their liability *(see, Connell v St. Mary's Hosp.,* 45 NY2d 944, 946; *see also,* Siegel, NY Prac § 281, at 338). However, the resolution of their motion for such relief was rendered academic by the dismissal of plaintiff's complaint on another ground. Thus, although the Scheers' cross appeal has merit, they are not aggrieved by Supreme Court's order.

Order affirmed, with one bill of costs to defendants. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.