# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

574
CA 14-01817
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

SUSAN M. ANDREWS, PLAINTIFF-RESPONDENT,

V

MEMORANDUM AND ORDER

RENAISSANCE CHIROPRACTIC, P.C., THOMAS JOSEPH
INSINNA, DC, INDIVIDUALLY, AND AS PRINCIPLE
OWNER, OFFICER, DIRECTOR AND/OR SHAREHOLDER OF
RENAISSANCE CHIROPRACTIC, P.C.,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANT.

---

HISCOCK & BARCLAY, LLP, BUFFALO (JONATHAN H. BARD OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

KELIANN M. ARGY, ORCHARD PARK, FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered April 24, 2014. The order, insofar as appealed from, denied in part the motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action for chiropractic malpractice seeking damages for injuries she allegedly sustained during manipulation of her neck by defendant Thomas Joseph Insinna, DC (Dr. Insinna), a principal owner, officer, director and/or shareholder of defendant Renaissance Chiropractic, P.C. (collectively, defendants). Defendants appeal from an order insofar as it denied in part their motion for summary judgment seeking dismissal of the complaint against them. Contrary to defendants' contention, they are not entitled to invoke the benefit of the shortened limitations period applicable to medical, dental and podiatric malpractice, and they are subject to the three-year statute of limitations of CPLR 214 (6) (*see Perez v Fitzgerald*, 115 AD3d 177, 183, *lv dismissed* 23 NY3d 949; *see also Vidra v Shoman*, 59 AD2d 714, 715). Here, plaintiff was not referred to Dr. Insinna by a licensed physician, and Dr. Insinna's chiropractic treatment was not an integral part of the process of rendering medical treatment to a patient or substantially related to any medical treatment provided by a physician (*see Bleiler v Bodnar*, 65 NY2d 65, 72; *cf. Wahler v Lockport Physical Therapy*, 275 AD2d 906, 907, *lv denied* 96 NY2d 701). We thus conclude that plaintiff's chiropractic malpractice action is governed by the three-year limitations period of CPLR 214 (6).

Contrary to defendants' further contention, Supreme Court properly denied their motion insofar as it was premised on the ground that the action was not commenced within three years of accrual.  Even assuming, arguendo, that defendants met their initial burden on that point, we conclude that plaintiff raised a triable issue of fact as to when the treatment giving rise to her alleged injuries occurred (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  May 8, 2015                        Frances E. Cafarell
                                             Clerk of the Court