■　EDWARD T. MAGLIONE, Respondent, v. CUNARD STEAMSHIP CO., LTD., Appellant. — Judgment in favor of plaintiff reversed, on the law and the facts and in the interests of justice, and a new trial ordered, with $50 costs and disbursements to abide the event. At the trial of this action for personal injuries expert medical testimony was given on plaintiff's behalf by his treating physician, and by a physician who had examined him in connection with an earlier accident. Plaintiff had been examined at the instance of defendant by Dr. Augustus Wolf, and plaintiff's counsel had been furnished with a copy of Dr. Wolf's report before the trial as required by applicable court rules. However, although Dr. Wolf was present in court at defendant's request, defendant did not call him as a witness and put no medical testimony in evidence from any other source. Plaintiff had served Dr. Wolf with a subpœna and, after defendant rested and over its objection, plaintiff was permitted to call Dr. Wolf, purportedly as a rebuttal witness, in support of plaintiff's medical claims. Since defendant had offered no testimony which Dr. Wolf could have " contradicted, impeached or discredited " (*Eisner* v. *Daitch Crystal Dairies,* 27 A D 2d 921), it was error to admit his testimony "under the guise of rebuttal " (*Seguin* v. *Berg,* 260 App. Div. 284, 286). Moreover, the testimony should in any event have been stricken, for on cross-examination by defendant's counsel concerning the payment he expected, Dr. Wolf said, " I expect to charge you for the first day, for calling me. I expect to send a bill to the plaintiff's attorney for today ＊ ＊ ＊ I generally charge for an appearance in court $250. " As pointed out in *Gnoj* v. *City of New York* (29 A D 2d 404, 407), " Where a party, as in the instant case, does not lack expert testimony of his own choosing, an expert engaged by the opposing party should not be sought out and placed in the unethical position of accepting a retainer from both sides. " For these reasons, as well as because the verdict is in our opinion grossly excessive, there should be a new trial. Concur — Botein, P. J., Stevens, McGivern and McNally, JJ.; Macken, J., dissents and votes to affirm. Appeals from orders entered on December 14, 1967 and January 11, 1968, denying motions for new trial, dismissed as academic. Concur — Botein, P. J., Stevens, McGivern, McNally and Macken, JJ.