■   JAMES E. SLACK, JR., et al., Appellants, v EMMA L. CROSSETTA,

Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Orange County, dated April 13, 1979, which is in favor of the defendant and against them, upon a jury verdict. Judgment reversed, on the law, and new trial granted on the issues of whether the alleged neck and back pains were permanent and, if so, the amount of damages sustained by the plaintiffs, with costs to abide the event. In this case liability was conceded. The plaintiffs' unrefuted evidence at trial indicates that the accident aggravated a pre-existing, but dormant, osteoarthritic and degenerative disc condition, resulting in persistent pain. The question of whether the pain was a permanent injury so as to breach the threshold of the no-fault law (see Insurance Law, § 671, subd 4; § 673, subd 1), was for the jury to decide (see Cohen v Lizza, 63 AD2d 557). The trial court refused to charge the jury as requested by plaintiffs' counsel with respect to the definition of permanency under the no-fault law (see 1 PJI [2d ed supp] 2:88A) and, instead, by way of special interrogatories, asked the jury to determine whether the injuries sustained by the injured plaintiff were permanent. The jury answered the question in the negative. Failure to define permanency to include the permanent operation of a body function or system with pain (see 1 PJI [2d ed supp] 2:88A), may have led the jury to believe erroneously that permanent pain did not amount to a permanent injury. Since a charge defining permanency to include permanent pain might have resulted in a verdict in favor of the plaintiffs, a new trial on this issue is warranted. If, on the new trial, the jury determines that the pain is permanent, the issue of damages must be reached. After reading the colloquy between the trial court and counsel, and considering it as a whole, we find that plaintiffs' counsel made a sufficient exception to the trial court's failure to charge as requested so as to preserve the issue for appeal (see CPLR 4017, 4110-b, 5501, subd [a], par 3; see, also, O'Neill v Cross County Hosp., 61 AD2d 1008). Gibbons, J. P., Gulotta, Margett and O'Connor, JJ., concur.