■ FERNANDE LIDDY et al., Respondents, v MAX FROME, Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant appeals from a judgment of the Supreme Court, Nassau County (Oppido, J.), entered June 20, 1980, that was in favor of plaintiffs, upon a jury verdict. Judgment affirmed, with costs. Fernande Liddy (hereafter plaintiff) established, by her testimony and the testimony of a chiropractor and of a medical doctor, that as a consequence of the 1976 rear-end collision for which defendant conceded liability, she sustained permanent injuries to her neck implicating the "right shoulder girdle", and resulting in pain in the right shoulder, right forearm and right biceps, a partial loss of the use of the right arm, and diminished rotation of the head and neck to the left. Upon this state of proof on the issue of "serious injury" (see Insurance Law, § 671, subd 4), dismissal at the close of plaintiff's case or following the verdict was not warranted, contrary to defendant's contention. The question was one for the jury (see, e.g., *Slack v Crossetta,* 75 AD2d 809; *Cohen v Lizza,* 63 AD2d 557). The facts that plaintiff received no medical assistance at the accident scene and that she went to work the next day do not obviate the permanent nature and effect of the injuries, but are factors which bear on the amount of the damages awarded. In the circumstances of this case, it was not error for the trial court to refuse to strike the testimony of the medical doctor who examined plaintiff at defendant's behest, but who was called to testify by plaintiff (see *Nielsen v Brown,* 232 Ore 426, and the cases cited therein; Meyer, Some Problems Concerning Expert Witnesses, 42 St. John's L Rev 317, 327-328). This is not a medical malpractice action where the defendant's expert's medical report is not available to the plaintiff (see *Gnoj v City of New York,* 29 AD2d 404; *Gugliano v Levi,* 24 AD2d 591). Neither was there objection by the defendant until long after the conclusion of the testimony when defendant moved to strike it (cf. *Byczek v City of New York Dept. of Parks,* 81 AD2d 823; *Maglione v Cunard S. S. Co.,* 30 AD2d 784, a personal injury action, in which the court noted, *inter alia,* that the expert's testimony was improperly offered as purported rebuttal testimony). It is to be noted that the report of the witness had been previously sent to the plaintiffs' attorney, as required by the rules of this court (22 NYCRR 672.3). That the medical expert received payment by defendant for the physical examination he made of plaintiff and then payment by plaintiff for testifying is, as Judge (then Justice) Meyer observed, an economic matter and not an ethical one, so long as the doctor did not testify to a different opinion from that reported to his employer (see Meyer, Some Problems Concerning Expert Witnesses, 42 St. John's L Rev 317, 328). We emphasize that our holding is limited to the circumstances here pertaining, to wit, a personal injury action where the adversary's expert who was called upon to testify is the medical doctor who examined plaintiff and whose report had been made available to the plaintiff pursuant to the rules of this court (cf. *Nielsen v Brown,* 232 Ore 426, 444, *supra*) and where defendant did not raise any objection until well after the doctor had testified. We have examined defendant's remaining contention and find it to be without merit. Hopkins, J. P., Rabin, Cohalan and O'Connor, JJ., concur.