■ DEBORAH HERNANDEZ, Appellant, v BURTON LEVINE et al., Respondents. — In an action to recover for noneconomic losses, i.e., pain and suffering, under the provisions of the Comprehensive Automobile Insurance Reparations Act (Insurance Law, § 670 *et seq.*), plaintiff appeals from a judgment of the Supreme Court, Westchester County (Dickinson, J.), entered January 28, 1982, which dismissed her complaint upon a jury verdict that although defendants were negligent, plaintiff did not prove "permanent injury". Judgment reversed, on the law, and new trial granted limited to the issues of whether the alleged neck and back injuries constitute "serious injury" and, if so, the amount of damages sustained by plaintiff, with costs to abide the event. The trial court charged the jury on the definition of " '[s]erious injury' " set forth in subdivision 4 of section 671 of the Insurance Law. The definition covers, *inter alia,* injuries which result in "permanent" disability, as well as injuries which result in less severe disability, i.e., a "significant limitation of use of a body function or system" (see Insurance Law, § 671, subd 4; see, also, *Hezekiah v Williams,* 81 AD2d 261). The trial court read the statutory definition to the jury several times and instructed them to make findings on three interrogatories: first, on the issue of liability; second, if defendants were found to be liable, whether plaintiff sustained "serious injury" in accordance with the statutory definition (the "threshold" issue); and third, if plaintiff satisfied the "threshold" issue, the damages sustained. The jury returned a unanimous verdict. On the issue of liability, defendants were found to be negligent, but on the "threshold" issue the jury responded: "We find the plaintiff has not proved permanent injury." Plaintiff moved for a "judgment de novo" immediately after the jurors were polled, on the ground that the verdict as to the "threshold" question was in conflict with the law of the State of New York, and indicated that the jurors misunderstood the court's charge as to the law. The court denied the motion and stated: "I think in view of the fact that I read the thing to them at least three times, and possibly four times, they understood. They might have just used that word. I don't think the jury had any question in their mind[s] about it." The medical testimony at trial presented a jury question as to whether the alleged injuries to plaintiff's neck and back fit within the definition of "serious injury" (see *Hezekiah v Williams,* 81 AD2d 261, *supra;* see, also, *Cohen v Lizza,* 63 AD2d 557). On notice of the apparent confusion on the part of the jury, the trial court should not have speculated as to what was in the minds of the jurors. The court had no way of knowing whether the jurors actually understood the charge and fully considered the range of nonpermanent injuries that fit within the statutory definition. Accordingly, the court should have resubmitted the issue for further deliberation or granted a new trial (cf. CPLR 4111, subd [c]). Titone, J. P., Weinstein, Gulotta and Niehoff, JJ., concur.