■ MARGARET MOONEY et al., Appellants, v DELORES M. OVITT et al., Respondents. — Appeal from a judgment of the Supreme Court in favor of defendants, entered May 9, 1983 in Saratoga County, upon a dismissal of the complaint by the court at Trial Term (Ford, J.), at the close of defendants' case. ¶ On December 12, 1976, plaintiff Brian Mooney was injured when his pickup truck

was struck from behind by an automobile owned by defendant David Braley and operated by defendant Delores Ovitt. The impact dislodged a rifle stored in Mooney's passenger cab, which struck him in the back of the neck. Thereafter, Mooney and his wife commenced this action to recover for personal injuries and derivative loss. Since liability was conceded, the only issue presented was whether plaintiffs are entitled to recover damages. The matter proceeded to trial and, at the completion of defendants' case, defendants moved for judgment as a matter of law (CPLR 4401), contending that plaintiffs had failed to establish that Mooney had suffered a serious injury within the meaning of subdivision 4 of section 671 of the Insurance Law, as it read at the time of the accident. The motion was granted and this appeal ensued. ¶ There must be a reversal. Whether plaintiffs have made a prima facie showing of a "serious injury" should be decided by the court in the first instance as a matter of law (*Licari v Elliott*, 57 NY2d 230; *Salisbury v St. Louis*, 91 AD2d 745). Subdivision 1 of section 673 of the Insurance Law, insofar as it is relevant here, provides that there shall be no recovery except in the event of serious injury. Subdivision 4 of section 671 of the Insurance Law, as written at the time of the accident, defined "serious injury" as, among other things, a "permanent loss of use of a body organ, member, function or system" (L 1973, ch 13, § 1). Permanent loss does not necessitate proof of a total loss of the "organ, member, function [or] system", but only proof that it "no longer operates at all, or operates in some limited way, or operates only with pain" (PJI 2:88A [Supp]). Our inquiry is whether plaintiffs demonstrated by a fair preponderance of the credible medical evidence that the injury complained of was both permanent in nature and causally related to the accident (*Bugge v Sweet*, 90 AD2d 858, affd 61 NY2d 710). ¶ A review of the record shows that Mooney, an auto mechanic, suffered a neck injury which has caused considerable pain whenever he undertakes certain routine activities required by the nature of his work, such as raising his arms over his head for any length of time. There is medical testimony from Mooney's neurosurgeon, Dr. Thomas Mason, that Mooney sustained a cervical lumbar sprain in the accident. Taking into consideration the fact that Mooney had undergone a spinal fusion in 1962, and that the accident aggravated that underlying condition, Dr. Mason testified that the accident occasioned nerve root irritation in the cervical spine, pain in the shoulder area and radiation of pain and numbness into the right hand. Most important, Dr. Mason opined that from a "standpoint of pain and limitation of motion", the injury to Mooney's neck was permanent. Both Mooney and Dr. Mason agreed that the pain was intermittent, and occasioned only by certain activities. Parenthetically, defendants' examining physician was not called as a witness. ¶ While not disputing that the accident may have permanently aggravated the pre-existing nerve deterioration in Mooney's neck, thus causing him pain, defendants argue that the occasional, *intermittent* nature of this pain does not constitute a "serious injury" within the context of the Insurance Law. We disagree. Here, plaintiffs have offered unrebutted testimony of a permanent condition causing Mooney severe pain during certain ordinary activities. The fact that such pain is not constant does not diminish its severity, for Mooney remains restricted in his ordinary functions (see *Harris v St. Johnsbury Trucking Co.*, 57 AD2d 127; cf. *Liddy v Frome*, 85 AD2d 716; *Slack v Crosseta*, 75 AD2d 809). While it is true that Mooney has continued to perform the strenuous duties of an auto mechanic, he has done so with the continued consequence of extensive intermittent pain. As aptly noted by Dr. Mason, Mooney suffered "an ongoing pain that persisted for seven years, but it has [an] intermittent quality to it". To be emphasized is that a permanent *total* loss of a body organ or function need not be proven (*Blakeslee v Nielsen*, 85 AD2d 569, 570; *Liddy v Frome*, 85 AD2d 716, *supra*). Viewing the evidence in a

light most favorable to plaintiffs (see *Wessel v Krop,* 30 AD2d 764, 765), it is clear that Mooney has sufficiently demonstrated the existence of a neck injury which allows the performance of certain ordinary functions "only with pain". On this record, we cannot state that there was no valid line of reasoning by which the jury could have found that Mooney suffered a permanent loss of use of a body organ, member, function or system as a result of the motor vehicle accident (see *Cohen v Hallmark Cards,* 45 NY2d 493; *Hezekiah v Williams,* 81 AD2d 261, 266). Since the evidence submitted on plaintiffs' behalf was sufficient to establish, prima facie, a "serious injury" within the meaning of subdivision 4 of section 671 of the Insurance Law, as it read at the time of this accident, the instant CPLR 4401 motion should not have been granted (see *Harris v St. Johnsbury Trucking Co.,* 57 AD2d 127, *supra*). Plaintiffs were entitled to go to the jury on the issue of "serious injury". Therefore, the judgment must be reversed and the matter remitted for a new trial (see *Newland v Juneau,* 62 AD2d 1125, 1126). ¶ Judgment reversed, on the law, with costs, and matter remitted to Supreme Court for a new trial. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.