■ HELEN BUTCHINO et al., Appellants, v JOHN W. BUSH, Respondent. — Yesawich, Jr., J. Appeal from an order of the Supreme Court in favor of defendant, entered October 25, 1983 in St. Lawrence County, upon a dismissal of the complaint by the court at Trial Term (Ford, J.), at the close of all the evidence.

During the trial of this personal injury action, the testimony of plaintiff Helen Butchino (hereinafter plaintiff) was that since the motor vehicle accident of April 8, 1979, she has suffered from pain and dizziness in performing once basic and routine activities. Her medical expert, a chiropractor, first began seeing her in mid-1983. Prior to that time, for some 3½ years, plaintiff's claimed injuries were attended to by an osteopath, who had died earlier in 1983. The chiropractor testified that his examination of plaintiff and her X rays revealed two separate subluxations in the cervical spine which resulted from the accident. He described a subluxation, a condition chiropractors are expressly authorized by statute to manage (Education Law § 6551), as a locking of cervical vertebrae within or slightly beyond the normal range of motion; defendant's expert, a general surgeon, referred to it as a partial dislocation. In the chiropractor's opinion, these subluxations were permanent conditions producing in plaintiff the following disabilities: headaches, dizziness, pain in the neck, numbness in the fingers and hands, atrophy in the muscles of the hands and a further weakening of grip strength. In addition, the doctor found that due to pain, plaintiff's motion was limited to 45 degrees on extension, in contrast to the normal range of 55 to 60 degrees.

At the close of the evidence, the trial court dismissed the action on defendant's motion for failure to establish a serious injury within the meaning of former Insurance Law § 671 (4) (renum Insurance Law § 5102 [d] by L 1984, ch 367).

Unless there is no line of reasoning by which a jury could have concluded that plaintiff suffered a significant limitation of use of a body function or system, that issue is to be left with the jury (*see, Licari v Elliott,* 57 NY2d 230, 239-240). In view of plaintiff's medical evidence authenticating that plaintiff suffers permanent disabilities from these subluxations, and this court's recent recognition that pain may form the basis of a serious injury and that whether it does so is ordinarily a triable fact issue (*Hourigan v McGarry,* 106 AD2d 845; *Kaiser v Edwards,* 98 AD2d 825, 826), a new trial should be had.

Order reversed, on the law, with costs, and matter remitted to Trial Term for a new trial. Mahoney, P. J., Casey, Mikoll and Yesawich, Jr., JJ. concur.