■ KATHERINE IAUNOW, Appellant, v LLOYD H. HEARNS, Respondent. (Appeal No. 1.)—Judgment unanimously reversed, on the law and in the exercise of discretion, with costs, and a new trial granted in accordance with the following memorandum: The court erred in failing to charge the jury that permanent consequential limitation of use of a body organ or member constitutes a serious injury under Insurance Law § 5102 (d). Although the court correctly instructed the jury that significant limitation of use of a body function or system constitutes a serious injury, the court should also have charged regarding permanent consequential limitation of use *(see, Savage v Delacruz,* 100 AD2d 707) because there was testimony from which the jury could have found that plaintiff has a permanent consequential limitation of use of a body organ or member. While plaintiff failed to preserve this issue for review, we reach it in the interest of justice *(see, DiGrazia v Castronova,* 48 AD2d 249, 251-252).

We have examined plaintiff's other contention that the missing witness charge was improperly given and we find from the record that no error was committed.

A new trial on the issue of plaintiff's comparative negligence, if any, and damages is required. No appeal has been taken from the court's directed finding that defendant was negligent. (Appeal from judgment of Supreme Court, Onon-

daga County, Donovan, J.—automobile negligence.) Present—Dillon, P. J., Callahan, Denman, Pine and Schnepp, JJ.