■ MARY L. KING et al., Appellants, v DEBRA CLARK, Respondent. (And a Third-Party Action.)—Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered April 22, 1985 in Rensselaer County, which granted defendant's motion for summary judgment dismissing the complaint.

This personal injury action has its origin in a two-car collision which occurred in June 1979. Mary L. King (hereinafter plaintiff), a passenger, allegedly sustained injuries to her back, neck and head. The emergency room hospital record indicates that she suffered a cervical strain and that a soft cervical collar was prescribed. Within a week thereafter, neck stiffness and spasms prompted plaintiff to seek treatment from Dr. Virgilio Victoriano. He diagnosed her condition as an acute, severe cervical sprain, urged continued use of the collar and tended to her twice more during that year.

Some three years later, in February 1983, plaintiff again sought medical treatment for her neck injury and Victoriano referred her to a neurological surgeon who, following a clinical examination, concluded that plaintiff was suffering from a

chronic cervical strain and that the discomfort she experienced when her neck was fully extended would be alleviated by a continuing exercise program which he prescribed. Later that same year, a neurologist and a radiologist, examining plaintiff on defendant's behalf, determined that plaintiff enjoyed a full range of neck motion and endured no neurological deficit as a result of the accident. An affidavit from the neurologist to that effect was contradicted, however, by one submitted by Dr. J. Arthur Torian, who treated plaintiff in January 1984. He found that plaintiff's active range of motion of the cervical spine was limited in the extreme of motions due to pain in all planes, that rotation of the cervical spine was limited in the last 10 degrees to the left and the right, and, in his opinion, "due to the longevity of her condition and of her complaints [she] has a permanent condition of chronic cervical syndrome and radiculopathy".

Defendant thereafter moved for summary judgment claiming that the medical evidence did not substantiate plaintiff's claim of a "serious injury" as required by Insurance Law § 5102 (d). Special Term dismissed the complaint, reasoning that Torian's diagnosis was essentially premised on plaintiff's subjective complaints of pain and that his conclusions were factually unsupported. Plaintiff appeals.

Without more, a physician's mere conclusory averment that an injury is permanent will not withstand a motion for summary judgment (*Lopez v Senatore*, 97 AD2d 787, 788, *revd on other grounds* 65 NY2d 1017). Here, however, the unequivocal diagnosis by Torian, whose medical expertise is unchallenged, was made as a result of a medical examination he himself performed on plaintiff, during which he observed a precise limitation in the active motion of plaintiff's cervical spine. The absence of objective symptoms simply heightens the credibility issue which the doctors' affidavits present. This being a motion for summary judgment, resolution of the credibility of the divergent testimony of these physicians is not for the court to pass upon. Accordingly, summary judgment should have been denied (*see, Hourigan v McGarry*, 106 AD2d 845, *appeal dismissed* 65 NY2d 637; *see also, Butchino v Bush*, 109 AD2d 1001).

Order reversed, on the law, with costs, and motion denied. Main, J. P., Casey, Mikoll and Yesawich, Jr., JJ., concur.