■ YEHIEL SCHNARCH, Respondent-Appellant, et al., Plaintiff, v AMY L. OWEN et al., Respondents, and CHARLES R. PATTERSON et al., Appellants.—Weiss, J.

Plaintiff Yehiel Schnarch (hereinafter plaintiff) sustained personal injuries on February 12, 1980 while a passenger in a taxicab owned by defendant Albany O.K. Cab Company, Inc. (hereinafter O.K. Cab) and operated by defendant Charles R. Patterson, which collided on Central Avenue in the City of Albany with an automobile owned by defendant Wade Lupe Construction Company, Inc., and operated by defendant Amy L. Owen. After a trial, the jury found that plaintiff sustained a serious injury and that Patterson was 100% responsible for the accident. The jury awarded plaintiff damages of $191,000. The trial court denied motions by defendants Patterson and O.K. Cab to set the verdict aside as contrary to the weight of evidence and as excessive, giving rise to this appeal.*

Defendants Patterson and O.K. Cab (hereinafter defendants) first contend that plaintiff did not sustain a serious injury as defined in Insurance Law § 5102 (d). We disagree. Plaintiff relied upon and sought to prove that his "serious injury" consisted of "a significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). Ordinarily, the trial court should first decide as a matter of law whether a plaintiff's injury is sufficiently serious within the meaning of the statute to support a cause of action (*Licari v Elliott,* 57 NY2d 230, 237; *Kordana v Pomellito,* 121 AD2d 783). Here, however, defendants acquiesced in a jury charge stating that the question was one of fact for the jury to resolve (*see,* 1 NY PJI 2:88A, at 125 [2d ed] [1986 Supp]). Defendants are bound by this charge (*see, Paul v Kagan,* 92 AD2d 988) and may not now contend that plaintiffs failed to establish a serious injury as a matter of law (*cf. Butchino v Bush,* 109 AD2d 1001). Defendants having properly moved to set aside the verdict, however, our inquiry becomes whether the jury's determination comports with the weight of the evidence. A verdict may be altered on this basis "only where the evidence preponderates so greatly in the movant's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence" (*Schoch v Dougherty,* 122 AD2d 467; *see, Nicastro v Park,* 113 AD2d 129, 132-134).

Viewing the medical testimony in a light most favorable to plaintiff (*see, Mooney v Ovitt,* 100 AD2d 702, 703-704), we find ample basis for the jury's determination. Dr. Mark Dentinger, a neurologist, testified that he examined plaintiff's X rays

---

* Plaintiff has not pursued his cross appeal from the denial of his motion to set the verdict aside with respect to defendants Owen and Wade Lupe Construction Company, Inc.

taken the day of the accident and observed a mild osteoarthritis of the fifth cervical vertebra and that plaintiff's spine was abnormally straightened in the lumbar region due to an overcontraction of his muscles *(see, King v Clark,* 120 AD2d 880); that the dorsolumbar strain was a competent producing cause of pain and would continue intermittently for life; and that he suffered from a cervical strain, muscle tension headaches and posttraumatic syndrome. Dr. James Dougherty, an orthopedic surgeon, testified that plaintiff's dorsolumbar strain was a competent producing cause of pain and was permanent; there was also a "hand-in-glove" relationship between plaintiff's headaches and his cervical strain. Finally, Dr. Arthur Torian reiterated the findings of cervical and lumbosacral spine syndrome and opined that the injuries were permanent. In essence, plaintiff provided unrebutted medical confirmation of a condition of intermittent, but permanent pain in his neck and back area. As plaintiff's testimony indicates, this condition has directly impeded the performance of even routine functions *(see, Mooney v Ovitt,* 100 AD2d 702, 703, *supra; see also, Butchino v Bush,* 109 AD2d 1001, *supra).* That plaintiff has pursued his career as a printer does not require a rejection of his claim *(see, Mooney v Ovitt, supra,* p 703). Accordingly, the trial court properly denied defendants' motion to set aside the verdict in this regard. Having thus found, it is unnecessary for us to consider whether plaintiff's proof of psychological injury constituted a serious injury.

Defendants' contention that the jury failed to properly consider whether plaintiff suffered a serious injury is unfounded. In its charge, the trial court gave the jury five interrogatories to answer, the fifth being whether "plaintiff sustain[ed] an injury which significantly limited a body function or system". The court also charged that the jury's first inquiry must be whether plaintiff established the existence of a serious injury by a fair preponderance of the evidence. Upon return of the verdict, it was discovered that the jury had failed to answer the fifth interrogatory. The court directed the jury to reconvene, and upon their return four minutes later, the jury indicated it had answered the interrogatory in the affirmative. Defendants did not further seek to have the jury polled. Given this scenario, we cannot discern any impropriety in the procedure followed *(cf. Grey v United Leasing,* 91 AD2d 932, 933). As the jury forelady indicated, the fifth interrogatory was apparently overlooked because it was placed on a separate sheet. Since the jury was clearly charged that plaintiff could not recover unless he suffered a serious injury, this simple oversight did not render the verdict invalid.

Nor can we agree with defendants' contention that the trial court erred in permitting plaintiff to introduce evidence of neck injuries and psychological damage included in a supplemental bill of particulars but not specified in the original bill of particulars. Having failed to timely challenge the pleading (CPLR 3042 [d]), defendants' objection must be deemed to have been waived *(see, Hess v Wessendorf,* 102 AD2d 926, 927, *lv dismissed* 64 NY2d 604, 754). In any event, the medical testimony directly linked these problems to the physical injuries sustained in the accident. Thus, the supplemental bill was properly utilized to expand on the extent of the continuing disability *(see, Tate v Colabello,* 58 NY2d 84, 87).

We find defendants' remaining challenges to the verdict unavailing. While Patterson and Owen provided divergent explanations of the events leading up to the collision, it was for the jury to determine the weight and credibility to be accorded each witness *(Beechey v De Sorbo,* 53 AD2d 727). That Patterson was found 100% responsible for the accident constituted a fair interpretation of the evidence *(see, Grimaldi v Finch,* 99 AD2d 920, 921). Finally, we do not find the amount of the award so excessive as to shock the conscience of the court *(id.,* at p 922; *cf. Moffatt v Arlen Realty Mgt.,* 109 AD2d 934).

Judgment affirmed, with one bill of costs. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.