■ ANNA M. BASSETT, Appellant, v CHRISTOPHER H. ROMANO et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Putnam County (Beisheim, J.), entered March 25, 1986, which, upon a jury verdict to the effect that the plaintiff had not sustained a serious injury as defined by Insurance Law § 5102 (d), dismissed the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted on the issue of whether the plaintiff suffered a serious injury and, if so, the amount of damages sustained by her, with costs to abide the event.

With respect to the issue of serious injury, the trial court instructed the jury that it was to determine whether the plaintiff "sustained an injury which permanently, partially disabled her, which means an injury that results in a permanently consequential limitation of use of a body organ or member, a significant limitation of use of a body function or system or a medically determined injury". The jury was also presented with an interrogatory in which the court repeated its previous definition of a serious injury. After the jury retired to deliberate, it requested supplemental instructions on the issue of serious injury. The court repeated its earlier instructions. The jury thereafter returned a verdict finding the defendant Christopher H. Romano negligent but also answering the interrogatory as to whether the plaintiff suffered a serious injury in the negative. Thus, in accordance

with the court's instructions, the jury did not reach the issue of damages.

The trial court erroneously instructed the jury as to the requirements for a finding of serious injury within the meaning of Insurance Law § 5102 (d). The court included in its charge language not encompassed by the statutory definition and misled the jury to believe that one of the categories of serious injury considered by it, i.e., "a significant limitation of use of a body function or system", required proof of permanence (see, Miller v Miller, 100 AD2d 577).

The trial court further erred in refusing to charge, in accordance with the request of the plaintiff's counsel, that a serious injury involving a permanent loss of use of a body organ, member, function or system under the Insurance Law did not require proof of total loss (see, Mooney v Ovitt, 100 AD2d 702; Blakeslee v Nielsen, 85 AD2d 569; Liddy v Frome, 85 AD2d 716); rather, it should have charged that permanency could refer to persistent pain, or operation of the organ, member or system in some limited way, or only with pain (see, Mooney v Ovitt, supra; PJI 2:88A [Supp]; Slack v Crossetta, 75 AD2d 809; cf. Caiazzo v Crespi, 124 AD2d 623). Failure to properly define permanency constituted fundamental error since there was ample objective medical evidence offered by the plaintiff to support a finding of persistent, permanent pain or a significant limitation of the range of motion, such that a proper charge might have resulted in a verdict in favor of the plaintiff. Therefore, a new trial on this issue is warranted. Mollen, P. J., Thompson, Weinstein and Rubin, JJ., concur.