■ MICHAEL L. DECKER et al., Appellants, v CHARLES L. RASSAERT, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated September 9, 1985, which is in favor of the defendant and against them, upon jury verdicts finding the defendant 60% at fault in the happening of the accident, but ·finding that the plaintiff Michael L. Decker had not suffered a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the judgment is reversed, on the law and in the exercise of discretion, a new trial is granted, limited to the issue of damages, with costs to abide the event, and the jury's findings of fact as to liability and apportionment of fault are affirmed.

As a general rule, in a negligence action involving an automobile accident, evidence that one of the parties pleaded guilty to a traffic infraction is admissible on the issue of negligence (Ando v Woodberry, 8 NY2d 165; Alexander v Eldred, 100 AD2d 666, affd 63 NY2d 460). The rationale behind this rule is that the guilty plea amounts to an admission by the party that he committed the acts charged, and as such should be treated like any other admission (Ando v Woodberry, supra). The plaintiffs herein sought to introduce into evidence the fact that in 1980, the defendant, with respect to his actions on the day in question, pleaded guilty to improperly backing up his vehicle, a purported violation of Vehicle and Traffic Law § 1211 (a), in order to establish negligence per se on the part of the defendant. However, the defendant's alleged actions did not constitute a violation of the Vehicle and Traffic Law because until the 1984 amendment (see, L 1984, ch 166, § 2, amending Vehicle and Traffic Law § 1100), Vehicle and Traffic Law § 1211 (a) did not apply to a parking lot, where this accident allegedly occurred. Thus, while the plaintiffs may have been able to question the defendant as to whether he had previously admitted that he backed up when it could not be done with safety and without interfering with other traffic (see, Vehicle and Traffic Law § 1211 [a]), the trial court did not abuse its discretion in refusing to permit them to use the guilty plea as a means of establishing negligence per se. Therefore, reversal on this

ground of the jury's verdict on liability and apportionment of fault is not warranted.

However, reversal of the jury's verdict on damages is required on the basis of the court's erroneous jury charge as to the requirements for a finding of serious injury within the meaning of Insurance Law § 5102 (d). The court's charge confused the categories of serious injury set forth in that provision and may have misled the jury to believe that one of those categories, i.e., a "significant limitation of use of a body function or system", required proof of permanence (see, Bassett v Romano, 126 AD2d 693; Miller v Miller, 100 AD2d 577, revd on other grounds 68 NY2d 871). Since we find this error to be fundamental under the circumstances, the absence of a timely objection to the charge on this basis does not preclude us from considering the error in the general exercise of our power to reverse and grant a new trial on this issue in the interest of justice (see, Ferreira v New York City Tr. Auth., 79 AD2d 596; Caceres v New York City Health & Hosps. Corp., 74 AD2d 619).

In addition, the trial court should not have charged the jurors that there was no proof of economic loss suffered by the plaintiff Michael L. Decker and they were not to speculate as to any such loss. The charge as given may have led the jury to infer that the testimony properly offered by the plaintiff Michael L. Decker as to his economic loss was not worthy of belief. It would have been more appropriate for the court to instruct the jury that economic loss was not recoverable in this action (see, Insurance Law § 5104; McDonnell v Best Bus Co., 97 AD2d 433).

Further, we note that upon the retrial, the plaintiffs may be permitted, if they be so advised, to call as a witness Dr. Juter, a psychiatrist, who was retained by the defendant to examine the plaintiff Michael L. Decker and who issued a report apparently supporting the plaintiffs' claims. However, his testimony should be limited to the findings and conclusions fully disclosed in the report concerning the claims set forth in the complaint and bill of particulars (see, Gilly v City of New York, 69 NY2d 509; Liddy v Frome, 85 AD2d 716).

We have considered the plaintiffs' remaining contentions and find them to be without merit. Mollen, P. J., Bracken, Niehoff and Lawrence, JJ., concur.