◼ JOYCE GLEISSNER et al., Appellants, v THOMAS LOPRESTI et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., sustained in an automobile accident, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (McCabe, J.), dated September 12, 1986, which, upon the defendants' motion pursuant to CPLR 4404 (a), after a jury verdict in favor of the plaintiff Joyce Gleissner in the amount of $200,000, set aside the verdict, directed the entry of judgment on the issue of damages for the defendant and dismissed the complaint with prejudice for failure to meet the threshold requirement of having suffered "serious injury" as defined in Insurance Law former § 671 (4) (now § 5102 [d]). A prior trial on the issue of liability resulted in a verdict in favor of the plaintiffs finding the defendants 100% at fault in the happening of the accident.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the jury verdict as to serious injury is reinstated, and a new trial is granted on the issue of the amount of damages only, with costs to abide the event, unless within 20 days after service upon the plaintiff Joyce Gleissner of a copy of this decision and order, with notice of entry, she shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict to the principal sum of $50,000, and to the entry of an amended judgment accordingly; in the event the plaintiff Joyce Gleissner so stipulates, then the judgment, as so amended, is affirmed, without costs or disbursements.

The evidence at trial established that the plaintiff Joyce Gleissner was greatly curtailed from performing her usual and customary daily activities for more than 90 days during the 180 days following the automobile accident *(see, Licari v Elliott,* 57 NY2d 230, 239). Particularly, she could not maintain her daily routine because she was not able to do housework, which, prior to the accident, she accomplished without help, could not continue her part-time job until some five months after the accident, could not attend church, and could not engage in family activities. Although, with the aid of prescribed pain-killers, Mrs. Gleissner made several attempts to continue her part-time job and also experimented with resuming her daily activities, these attempts do not negate the evidence that her daily activity was curtailed to a great extent for more than 90 days during the 180 days following the accident *(see, Liddy v Frome,* 85 AD2d 716).

Furthermore, Mrs. Gleissner's unrefuted testimony was supported by medical evidence that the injury she sustained in the automobile accident was the cause of her disability. The orthopedist who treated her for two years following the accident testified as to her injuries and course of treatment, identified and quantified the limitation of movement in her cervical and lumbar spine, described the objective testing which confirmed his diagnosis, and stated his opinion that she had a permanent problem in bending, lifting and carrying, which caused intermittent pain. The orthopedist concluded that she could perform certain ordinary functions only with pain *(see, Lopez v Senatore,* 65 NY2d 1017, 1020; *see also, Mooney v Ovitt,* 100 AD2d 702; *cf., De Filippo v White,* 101 AD2d 801, 802; *Hezekiah v Williams,* 81 AD2d 261, 266).

On this record, we cannot say that the jury verdict on the issue of serious injury is not supported by sufficient evidence as a matter of law since it cannot be said that there is " 'no

valid line of reasoning or permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial' " *(Nicastro v Park,* 113 AD2d 129, 132, quoting from *Cohen v Hallmark Cards,* 45 NY2d 493, 499). Moreover, the verdict is not against the weight of the evidence *(see, Nicastro v Park, supra,* at 132; *Licari v Elliott, supra,* at 239-240).

In view of the trial court's disposition of the defendants' CPLR 4404 (a) motion, the trial court did not address that branch of the motion which sought to set aside the verdict on the issue of damages as excessive. The $200,000 verdict is clearly excessive. However, the proof warranted a verdict of $50,000 on the issue of damages. Rubin, J. P., Kooper, Sullivan and Harwood, JJ., concur.