■ DOMENICO TORTORELLO et al., Appellants, v JOSEPH LANDI et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Walsh, J.), dated July 7, 1986, which, upon a jury verdict finding that the plaintiff Domenico Tortorello had not sustained a serious injury as defined by Insurance Law § 5102 (d), dismissed the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted on the issue of whether the plaintiff Domenico Tortorello suffered a serious injury, and if it is found that he did, to determine the amount of damages sustained by the plaintiffs, and if he did not suffer serious injury, to determine whether the plaintiff Domenico Tortorello is entitled to recover for lost wages he sustained after his no-fault wage payments were exhausted, with costs to abide the event.

With respect to the issue of serious injury, the trial court instructed the jury on the limited issue of whether the plaintiff Domenico Tortorello had suffered a permanent loss of a body member, function or system. The jury was also presented with a verdict sheet in which the court repeated its previous instruction as a threshold question on the issue of whether the plaintiffs were entitled to a recovery. The jury thereafter returned a verdict answering the interrogatory as to whether the plaintiff Domenico Tortorello had suffered a serious injury in the negative. Thus in accordance with the court's instructions, the jury did not reach the issue of damages.

The trial court erred in refusing to charge the jury in accordance with the request of the plaintiffs' counsel, as to whether the plaintiff Domenico Tortorello had sustained a permanent consequential limitation of use of a body organ or member and as to whether he sustained a significant limitation of use of a body function or system as a result of the accident (see, Insurance Law § 5102 [d]). Failure to properly allow the jury to pass upon these issues constituted fundamental error since there was ample evidence offered by the plaintiffs to support such a finding. Therefore, a new trial on this issue is warranted (see, Bassett v Romano, 126 AD2d 693).

We further find that the trial court erred in preventing the jury from reaching the issue of whether the plaintiff Domen-

ico Tortorello is entitled to recover for lost wages he sustained after his no-fault wage benefits were exhausted. Notwithstanding the issue of whether a plaintiff has sustained a serious injury, recovery can be sought for lost earnings which continue beyond the three-year statutory period *(see, Montgomery v Daniels,* 38 NY2d 41, 47-48).

In addition, we hold that the trial court erred in instructing the jury that any award for the plaintiff's lost earnings was required to be reduced to present cash value. At the trial the defense counsel did not produce any evidence to assist the jury in reaching such a determination. Without such proof, there was no basis for the charge since, "[i]t is not to be assumed that average jurors have mathematical knowledge sufficient * * * to calculate present worth" *(Humphreys v Ash,* 90 NH 223, 230, 6 A2d 436, 441; *see also,* PJI 2:290, at 645-646).

We have reviewed the plaintiffs' other contentions and find them to be without merit. Mangano, J. P., Brown, Lawrence and Sullivan, JJ., concur.