■ ANNETT OTTAVIO, Appellant, v DAVID MOORE, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Roberto, J.), dated September 14, 1987, which, upon granting the defendant's motion to set aside a jury verdict in favor of the plaintiff and against the defendant in the principal sum of $75,000 on the ground that the plaintiff had failed to prove that she had suffered a serious injury within the meaning of Insurance Law § 5102, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, and the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment.

The plaintiff instituted this action to recover damages for personal injuries allegedly sustained in an automobile accident when the defendant negligently made a U-turn. On impact, the plaintiff's car was spun around. The plaintiff did not immediately sustain any manifest physical injuries and was not taken to the hospital. She saw her family physician the next day, was given some painkillers and bed rest was recommended. Thereafter, the plaintiff continued treatment for neck and lower back pain with a chiropractic orthopedist. X rays showed that the plaintiff had sustained subluxations or misalignments of the spine. The chiropractic orthopedist was of the opinion that this condition would be permanent and would cause occasional pain to the plaintiff. Even though the plaintiff returned to her normal work schedule as a special services representative for an airline one month after the

accident, she could not partake in athletic activities she previously enjoyed.

The jury found that the plaintiff had sustained a serious injury within the meaning of Insurance Law § 5102 and awarded her $75,000. Upon motion by the defendant, the trial court set aside the jury verdict and dismissed the complaint on the ground that the plaintiff failed to establish a prima facie case of serious injury within the meaning of Insurance Law § 5102. On the contrary, the plaintiff provided ample medical evidence to make out a prima facie case of serious injury. It is well settled that pain can form the basis of a serious injury *(Hourigan v McGarry,* 106 AD2d 845; *Mooney v Ovitt,* 100 AD2d 702). Whether it does. is a question of fact for the jury *(Kaiser v Edwards,* 98 AD2d 825). We have also held that permanency of an injury could refer to persistent pain, or operation of the organ, member or system in some limited way, or only with pain *(Bassett v Romano,* 126 AD2d 693). In this case the plaintiff could only undertake certain neck movements with pain. That testimony was not refuted by the medical expert for the defendant when he said that even though he made no objective findings, the plaintiff complained of pain upon certain movement. He conceded that subjective complaints of pain were part of the over-all examination. The plaintiff's X rays showed misalignments both in the cervical spine and in the lower back. It also showed a pulling of the spine over to the right by the muscles connected to it. In view of this evidence, the jury could properly conclude that the plaintiff had suffered a serious injury within the meaning of Insurance Law § 5102.

The defendant's contention that the jury's verdict on the issue of damages was excessive is not properly before us on this appeal by the plaintiff. Brown, J. P., Kunzeman, Rubin and Kooper, JJ., concur.