■ CLAUDE R. HOLBROOK, Respondent, v JAMESWAY CORPORATION et al., Appellants.—Mikoll, J. Appeals (1) from a judgment of the Supreme Court (Harlem, J.), entered November 20, 1989 in Otsego County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered January 22, 1990 in Otsego County, which denied defendants' motion to set aside the verdict.

The primary questions presented on these appeals are (1) whether plaintiff[1] established a prima facie case of "serious injury" within the meaning of Insurance Law § 5102 (d) as a matter of law and upon sufficient evidence, (2) whether Supreme Court's charge was proper, and (3) whether the jury's award for past and future lost earnings was supported by the evidence.

This is the second trial[2] of this action to recover damages for personal injuries sustained by plaintiff arising out of an automobile accident that occurred on June 2, 1982 in Otsego County. In the first trial the jury awarded plaintiff $83,100 for past and future lost profits and $147,825 for pain and suffering (see, 141 AD2d 905). This court reversed and remitted for a new trial on the issue of damages because Supreme Court allowed plaintiff to present testimony beyond the scope of his bill of particulars resulting in surprise to defendants (supra). The bill of particulars was subsequently amended to allege that plaintiff suffered torn ligaments in the spine "with permanent pain, scarring, and damage producing residual pain, stiffness and limitation of motion". The second jury awarded plaintiff $40,000 for past pain and suffering, $20,000 for future pain and suffering, $40,000 for past lost earnings, and $100,000 for future lost earnings. Defendants' motions for judgment notwithstanding the verdict and to set aside the verdict were denied. This appeal ensued.

It is for the court in the first instance to determine as a matter of law whether the plaintiff has made a prima facie showing of "serious injury" as defined in Insurance Law § 5102 (d) (Salisbury v St. Louis, 91 AD2d 745). Once the court has made such a finding, it is then a question of fact for the jury (Berben v Arain, 124 AD2d 379, 380). Testimony of Byron Sheesley, plaintiff's treating physician, supported plaintiff's

1. A derivative claim on behalf of plaintiff's wife has been withdrawn.
2. Liability was conceded before the first trial (see, 141 AD2d 905, 906).

contention that ligaments in plaintiff's spine were torn during the mishap producing pain, tenderness, numbness, swelling, spasms and permanent limitation of motion, thus establishing a prima facie showing of "serious injury" as a matter of law and allowing the issue to go to the jury.

Defendant urges that the jury verdict should be set aside because it is based on plaintiff's subjective complaints only and is against the weight of evidence. We disagree. Sheesley's testimony is based on his objective findings as well as plaintiff's complaints. A verdict may be set aside as against the weight of the evidence "only where the evidence preponderates so greatly in the movant's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence" *(Schoch v Dougherty,* 122 AD2d 467, 468, *lv denied* 69 NY2d 605; *accord, Schnarch v Owen,* 124 AD2d 372, 373). The conflicting opinions of the opposing medical experts merely created a credibility question for the jury to resolve *(see, Taype v City of New York,* 82 AD2d 648, 650-651, *lv denied* 55 NY2d 608), and plaintiff is entitled to the benefit of every favorable inference which can reasonably be drawn from the facts on this motion *(see, supra).* Applying these principles, it is clear that the jury's verdict was not against the weight of the evidence.

We also find unpersuasive defendant's claim that the jury's awards of $40,000 for past lost earnings and $100,000 for future lost earnings[3] are without basis in the evidence. Although the testimony concerning lost earnings was somewhat complex, there was sufficient evidence to support the jury's awards. Plaintiff stated that he was unable to continue his logging business and was limited to doing light work. He testified that he "logged" 120,000 board feet of saw lumber in 1980 and 90,000 in 1981 and that he sawed and put away about 10,000 to 12,000 feet of lumber each year, acquiring a stockpile of about 125,000 to 150,000 board feet of lumber by 1982. This stockpile of sawed lumber was sold by plaintiff after the accident until only about 25,000 board feet remained at the time of the second trial. Plaintiff testified that he had sold this lumber to live on during these years and the revenue from those sales, although not specified as such, was reflected in the income reported on his tax returns. Plaintiff placed the minimum value of the stockpiled lumber at $500 per 1,000 board feet. Another logger stated that the net profit per

---

3. The jury was instructed that damages for lost earnings or profits are recoverable from June 2, 1985 on (three years after the accident).

thousand feet of logged lumber was $63.62. Plaintiff's tax return for 1981 indicated that he had earned a net profit of $4,400 for the lumber sold that year. Judicial notice was taken that plaintiff's future work expectancy was 12.6 years and his life expectancy 25.8 years. Considering the evidence most favorable to plaintiff, the fact that plaintiff was unable to log since 1982, had sold his stockpile of lumber and the evidence pertaining to plaintiff's excavation work, the jury could reasonably arrive at the sums awarded (see, Steitz v Gifford, 280 NY 15, 20).

Finally, we have examined defendants' arguments that Supreme Court erroneously charged the jury as to the meaning of "a fair preponderance" of the evidence and regarding "serious injury" and find them without merit.

Judgment and order affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Crew III, JJ., concur.