■ LOUISE LINTON, Appellant, v JOSE NIEVES et al., Respondents.—Mahoney, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Meehan, J.), entered February 5, 1990 in Rockland County, upon a verdict rendered in favor of defendants.

On May 25, 1987 while plaintiff was stopped at a traffic light at the intersection of Greenbush Road and State Route 59 in Rockland County, her vehicle was struck in the rear by an automobile operated by defendant Jose Nieves. Thereafter, plaintiff commenced this action to recover for her personal

injuries and lost wages. After trial, the jury rendered a verdict finding, *inter alia,* that Nieves' negligence was the proximate cause of the accident, but that plaintiff did not suffer a "serious injury" as defined in Insurance Law § 5102 (d). Supreme Court denied plaintiff's motion to set aside the verdict. This appeal by plaintiff ensued.

We affirm. To grant a motion to set aside a jury verdict as against the weight of the evidence, the trial court must find the preponderance in favor of the movant to be so great that the jury could not have reached its conclusion on any fair interpretation of the evidence before it *(see, Holbrook v James-way Corp.,* 172 AD2d 910; *Redmond v Schultz,* 152 AD2d 823, 824). A review of the record here persuades us to the view that the jury was correct in determining that plaintiff did not suffer one of the following types of "serious injury" as defined by Insurance Law § 5102 (d): significant disfigurement, permanent consequential limitation of use of a body organ or member, or significant limitation of use of a body function or system.

Plaintiff's attempt to prove that she suffered a significant disfigurement from the accident due to a subsequent onset of vitiligo, a skin condition involving loss of pigment, was controverted by proof that plaintiff had a genetic predisposition to the skin condition and we note the equivocal testimony from plaintiff's expert regarding cause and effect, which testimony the jury was free to reject *(see, Mechanick v Conradi,* 139 AD2d 857, 859). Clearly, the jury could rationally conclude that plaintiff did not suffer significant disfigurement as a result of the accident *(see, Prieston v Massaro,* 107 AD2d 742).

Similarly, plaintiff's attempt to prove that she suffered a permanent consequential limitation of a body organ or member, or a significant limitation of the use of a body function or system as a result of a painful back condition, was likewise controverted by her own concession that she resumed work six days after the accident and did not miss any additional days because of alleged back pain. Further, her neurologist conceded that tests, including X-ray examinations, an electromyogram and a magnetic resonance imaging scan of plaintiff's cervical and lumbar spine, were normal without any objective manifestation of injury due to plaintiff's accident. We conclude, therefore, that the jury verdict, soundly based on a fair interpretation of the evidence, justified Supreme Court's refusal to set aside the verdict *(see, Nicastro v Park,* 113 AD2d 129).

Finally, we reject plaintiff's contention that Supreme

Court's charge to the jury was confusing as to the "serious injury" required by Insurance Law § 5102. The court clearly informed the jury that if plaintiff met the serious injury requirement as such injury was defined in Insurance Law § 5102 (d), their findings should be on behalf of plaintiff. Plaintiff's other objections to the court's charge are without merit and require no discussion inasmuch as the jury neither requested a further explanation of the charge nor, in our view, rendered an ambiguous verdict *(see, Hernandez v Levine,* 90 AD2d 481).

Casey, Weiss, Levine and Mercure, JJ., concur. Ordered that the judgment is affirmed, with costs.