■ EDWARD COUNTERMINE, Respondent-Appellant, v CAROL A. GALKA et al., Appellants-Respondents.—Levine, J. Cross appeals from a judgment of the Supreme Court (Conway, J.), entered February 11, 1992 in Albany County, upon a verdict rendered in favor of plaintiff.

The accident out of which this action arose took place in February 1990 when plaintiff's vehicle was stopped at a red light on Western Avenue in the City of Albany and was struck in the rear by a vehicle owned by defendant Edward Kruczynski and driven by defendant Carol A. Galka. Plaintiff thereafter commenced this negligence action against defendants seeking recovery for personal injuries sustained as a result of the collision.

At the close of the proof, Supreme Court granted plaintiff's motion for a directed verdict as to defendants' negligence but denied the motion as to the issue of whether plaintiff sustained a serious injury (see, Insurance Law § 5102 [d]). On the issue of serious injury, the jury found that plaintiff had sustained permanent consequential limitation of use of a body organ or member.* The jury awarded plaintiff $140,000, $15,000 for his pain and suffering until the date of verdict and $125,000 for future pain and suffering. Supreme Court denied defendants' motion to set aside the verdict as against the weight of the evidence, as well as plaintiff's similar motion to set aside the jury's determination that plaintiff had not satisfied the other claimed categories of serious injury.

On appeal, defendants contend that Supreme Court erred in directing a verdict against them on the issue of liability, that the jury's determination that plaintiff sustained permanent consequential limitation of use of a body organ or member is against the weight of evidence, and that the verdict deviates materially from what would be reasonable compensation.

From our examination of the record, we conclude that Supreme Court properly directed a verdict against defendants on the issue of liability. Absent a sufficient excuse, if a stopped vehicle is hit in the rear it is negligence as a matter of law (see, Cohen v Terranella, 112 AD2d 264; see also, DeAngelis v Kirschner, 171 AD2d 593, 594; Benyarko v Avis Rent A Car Sys., 162 AD2d 572, 573; Daliendo v Johnson, 147 AD2d 312, 321; Silberman v Surrey Cadillac Limousine Serv., 109 AD2d 833).

Galka testified that she was traveling 30 miles per hour and looked up once prior to the accident and observed a green light ahead. She was about one car length behind plaintiff when she noticed his brake lights and his car begin to slow for traffic. She looked at the traffic light again, but was unable to see it because of the sun. She looked ahead and saw that plaintiff's car was stopped, so she slammed on her brakes but was unable to stop in time. We find Galka's testimony insuffi-

---

* The jury also found that plaintiff had *not* permanently lost the use of a body organ or function, or sustained a significant limitation of use of a body function or system (see, Insurance Law § 5102 [d]). Plaintiff appeals from that portion of the verdict and raises the issues in his brief. Because plaintiff is not aggrieved he has no right to appeal; while he may raise the issues resolved against him as alternative grounds for an affirmance (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 544-545; see also, CPLR 5511, 5501 [a] [1]), there was no evidence which would support plaintiff's claims regarding these other two statutory categories of serious injury.

cient to rebut the inference of negligence or to raise a triable issue of fact as to liability *(see, Benyarko v Avis Rent A Car Sys., supra,* at 573; *see also, DeAngelis v Kirschner, supra,* at 594), as under these facts Galka's claimed excuse is not an "adequate, nonnegligent explanation" *(Silberman v Surrey Cadillac Limousine Serv., supra,* at 833). The testimony as a whole "strongly suggests that [Galka] failed in the exercise of her duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident" *(DeAngelis v Kirschner, supra,* at 595).

As to the jury's finding of serious injury, viewing the evidence as we must in the light most favorable to the party prevailing at trial, the finding that plaintiff sustained a permanent consequential limitation of use of a body organ or member is not against the weight of the evidence *(see, Matter of Kornblum Metals Co. v Intsel Corp.,* 38 NY2d 376, 379). A jury's verdict may be set aside as against the weight of the evidence "only where the evidence preponderates so greatly in the movant's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence" *(Schoch v Dougherty,* 122 AD2d 467, 468, *lv denied* 69 NY2d 605; *see, Linton v Nieves,* 175 AD2d 550, 551; *Holbrook v Jamesway Corp.,* 172 AD2d 910, 911; *Schnarch v Owen,* 124 AD2d 372, 373). Conflicting opinions of medical experts merely create a credibility question for the jury to resolve *(see, Holbrook v Jamesway Corp., supra,* at 911).

In order to establish a permanent consequential limitation of use of a body member or function, plaintiff had to prove that his injury was both consequential and permanent. "Consequential" means important or significant *(see, Kordana v Pomellito,* 121 AD2d 783, 784, *appeal dismissed* 68 NY2d 848; *Dwyer v Tracey,* 105 AD2d 476, 478). Permanent loss does not require proof of a total loss of an organ, member or function, but only proof that it operates in some limited way or operates only with persistent pain *(see, Bassett v Romano,* 126 AD2d 693, 694; *Dwyer v Tracey, supra,* at 477; *Mooney v Ovitt,* 100 AD2d 702, 703).

Both orthopedic surgeons called by plaintiff as witnesses testified that plaintiff suffered a torn rotator cuff in his right shoulder as a result of the accident, leaving plaintiff with residual permanent "adhesive capsulitis" limiting plaintiff's ability to move his right arm without pain. One orthopedist testified that any attempt to raise the right arm above the level of the shoulder would cause pain and forever prevent plaintiff from doing any heavy labor. Both experts opined that

this condition could only be relieved by surgery. Both also found permanent injury to plaintiff's neck and back as a result of the accident. One orthopedist concluded on the basis of a comparison of 1990 and 1991 X rays that the trauma of the accident exacerbated a preexisting degenerative disc condition to the point where it had permanently limited the function of plaintiff's spinal system, limiting his range of motion and causing pain indefinitely, which was permanent, consequential and would probably get worse.

Viewing the evidence in the light most favorable to plaintiff, this testimony, based in part on objective tests and conclusions drawn therefrom and not merely on conclusory assertions or unsubstantiated subjective complaints of pain *(cf., Gaddy v Eyler,* 79 NY2d 955, 958, *affg* 167 AD2d 67, 71; *Scheer v Koubek,* 70 NY2d 678, 679), sufficiently supports the jury's finding that plaintiff sustained a permanent consequential limitation of use of a body organ or member within the meaning of Insurance Law § 5102 (d) and § 5104 (a). To the extent that the testimony of the orthopedists differed or conflicted, a factual question of credibility was presented to and properly resolved by the jury *(see, Holbrook v Jamesway Corp.,* 172 AD2d 910, 911, *supra).*

Finally, we conclude that the jury's assessment of damages did not "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]; *see, Robillard v Robbins,* 168 AD2d 803, 805, *affd* 78 NY2d 1105).

Weiss, P. J., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.