■ JOHN RICE, Respondent, et al., Plaintiffs, and KATHY RICE, Appellant, v DAVID HALE et al., Respondents. [780 NYS2d 259]—

Appeal from a judgment of the Supreme Court, Onondaga County (Charles T. Major, J.), entered December 26, 2002. The judgment dismissed the complaint of plaintiff Kathy Rice, individually, against defendants David Hale, U-Haul Co. of West Coast of Florida, and U-Haul Co. of Florida in a personal injury action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in part and a new trial is granted in accordance with the following memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained as a result of a motor vehicle accident. Following a bifurcated trial, the jury found that defendants Santo Conte and Rocco Conte were not negligent, and a judgment was entered dismissing the complaint against them. Following the subsequent trial against the remaining defendants on the serious injury threshold and damages (*see Ruzycki v Baker,* 301 AD2d 48, 51-52 [2002]), the jury returned a verdict finding that Kathy Rice (plaintiff) did not sustain a serious injury and thus found no cause of action against them. We conclude that Supreme Court erred in refusing to charge the permanent consequential limitation of use of a body organ or member category of serious injury. Thus, the court erred in denying in its entirety plaintiff's motion to set aside the verdict in that trial and for a new trial and should have granted a new trial on the issues of the permanent consequential limitation of use threshold and damages.

A court must submit to the jury instructions for each category of serious injury delineated under Insurance Law § 5102 (d) for which there is sufficient objective evidentiary support (*see Tortorello v Landi,* 136 AD2d 545 [1988]; *Bassett v Romano,* 126 AD2d 693, 694 [1987]; *see generally Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]). With regard to the permanent consequential limitation of use category of serious injury, plaintiff presented objective medical evidence that her injuries were consequential, i.e., "important" (*Toure,* 98 NY2d at 353) and permanent. Plaintiff presented testimony that she had a herniated disc at the C4/C5 level. She also had bulging discs at the C5/C6 and C6/C7 levels. Following several treatments and consultations with doctors, plaintiff had an anterior discectomy and spinal fusion operation related to the C4/C5 disc in January 1997 and then a subsequent anterior discectomy and spinal fu-

sion operation related to the C6/C7 disc in August 1999. She had carpal tunnel surgery performed on her wrists in August and September 2001. Plaintiff presented the testimony of a certified rehabilitation counselor that her inability to work was "permanent in nature," and she presented the testimony of a physician that her pain is "likely to continue in the future." In addition, she presented the testimony of another physician that, in his medical opinion, "the likelihood is that [plaintiff] will have persistent, chronic pain . . . [that] will be permanent in nature." Thus, the court erred in refusing to charge the jury on the permanent consequential limitation of use category of serious injury (*see Iaunow v Hearns*, 117 AD2d 992 [1986]; *Savage v Delacruz*, 100 AD2d 707 [1984]).

We further conclude, however, that the jury's verdict finding that plaintiff did not sustain a significant limitation of use of a body function or system is not against the weight of the evidence (*see Bolles v County of Cattaraugus*, 162 AD2d 975 [1990], *rearg granted* 166 AD2d 931 [1990]). Plaintiff's remaining contentions are without merit.

We therefore reverse the judgment, grant plaintiff's motion in part and grant a new trial on the issues of the permanent consequential limitation of use threshold and damages. Present—Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.